[No. 55977–5.   En Banc.   March 23, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES
R. CAMPBELL, *Appellant.*

*Charles Rodman Campbell,* pro se, and *Al Lyon,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Larry McKeeman, Chief Criminal Deputy,* and *Seth Aaron Fine, Deputy,* for respondent.

CALLOW, C.J.—Charles Rodman Campbell appeals from an order of the Snohomish County Superior Court setting March 30, 1989, as the date for his execution on his conviction for three counts of aggravated first degree murder. We affirm the Superior Court's order.

### FACTS

On November 26, 1982, following a lengthy trial, a Snohomish County Superior Court jury convicted Campbell of three counts of aggravated first degree murder. In the subsequent special sentencing proceeding, the jury found insufficient mitigating circumstances to merit leniency. Campbell was sentenced to death. This court upheld Campbell's conviction and sentence on direct review. *State v. Campbell,* 103 Wn.2d 1, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985).

On January 21, 1985, the Snohomish County Superior Court issued a death warrant scheduling Campbell's execution for March 29, 1985. This court stayed execution to permit Campbell to seek review of this court's decision by petition for certiorari to the United States Supreme Court. The Supreme Court denied Campbell's petition for certiorari on April 29, 1985.

On May 17, 1985, the Snohomish County Superior Court issued a second death warrant scheduling Campbell's execution for July 25, 1985. Campbell moved this court to stay

the execution pending the filing and disposition of a personal restraint petition; in this motion he identified 23 issues which he alleged had not previously been litigated. On July 18, 1985, this court denied the motion for a stay, treating it and the supporting pleadings as a personal restraint petition which the court also denied on the merits.

On July 22, 1985, Campbell filed a habeas corpus petition in the United States District Court for the Western District of Washington. The District Court granted a stay of execution pending disposition of Campbell's habeas corpus petition. During the habeas corpus proceeding, Campbell identified 61 different issues to be litigated. The District Court determined that Campbell had not exhausted state remedies with respect to all but 21 of those issues. Campbell amended his federal complaint to delete the unexhausted claims and proceeded with the remaining 21 exhausted claims. The District Court denied Campbell's habeas corpus petition on February 12, 1986.

On October 6, 1987, the United States Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court. The United States Supreme Court denied Campbell's petition for certiorari to review this decision on November 7, 1988, and denied his petition for rehearing on January 9, 1989. The Ninth Circuit Court of Appeals granted the State's motion to dissolve Campbell's stay of execution on January 25, 1989.

In apparent anticipation of these actions by the Supreme Court and the Ninth Circuit, on August 21, 1988, Campbell moved this court to appoint counsel for the purpose of preparing a second personal restraint petition. This court denied Campbell's motion on December 6, 1988.

On February 15, 1989, the Snohomish County Superior Court issued a third death warrant scheduling Campbell's execution date for March 30, 1989, and appointed counsel in order to assist Campbell in taking a direct appeal of its order to this court. The court also found Campbell to be indigent and thus to qualify for the appointment of counsel

to assist him in seeking review of the February 15 order in this court.

Two matters involving Campbell are now before this court. First, on March 3, 1989, Campbell again moved this court to appoint counsel for the purpose of preparing a second personal restraint petition. He also sought a stay of execution pending this proposed new collateral attack on his conviction. By order dated March 8, 1989, this court granted the motion to appoint counsel. The court did not grant the motion for a stay. Instead it afforded counsel the opportunity to further brief the matter in an attempt to show the existence of issues not previously litigated which have sufficient potential merit to require a stay to permit further consideration by this court. That matter was set for argument to the court on March 23, 1989.

Meanwhile, on March 7, 1989, Campbell separately filed a notice of appeal from the February 15 order. In a second order dated March 8, 1989, this court set an accelerated briefing and hearing schedule for this appeal. The court ordered Campbell's counsel to perfect the record and submit opening briefs by March 16, 1989; ordered the State to submit responsive briefs by March 20, 1989; ordered Campbell's counsel to submit a reply brief, if any, by March 22, 1989; and ordered Campbell to submit his pro se supplemental brief, if he desired to file one, by March 22, 1989. The court heard oral argument in this appeal on March 23, 1989, immediately following oral argument on the separately filed motion for a stay.

## ANALYSIS

■■ Campbell seeks to appeal the order of the trial court setting his execution for March 30, 1989. Campbell asserts a right to appeal under RAP 2.2(a)(13), which provides that a party may appeal "[a]ny final order made after judgment which affects a substantial right." A death warrant is a final order made after judgment. However, we hold that it does not affect a substantial right within the meaning of this rule.

If appeal were to lie from a death warrant, a defendant could indefinitely postpone execution of the death sentence. The execution date can be set no later than 90 days from the date of the issuance of the death warrant. RCW 10.95-.160. RAP 5.2(a) provides the defendant 30 days in which to file the notice of appeal. The notice of appeal would stay execution of the sentence. RCW 9.95.062. The record must then be perfected, briefs filed, and argument heard. RAP 9.2, 10.2, 11.1.

Absent extraordinary court intervention, the death warrant would almost certainly expire by the time the appeal were considered. This means the trial court would be required to issue another warrant from which the defendant could again appeal. RCW 10.95.200.

> If such a practice were tolerated, it would result in an endless chain, which would involve an absurdity in the administration of the law that would justly bring it into disrepute and totally destroy its efficacy[.]

*State v. Boyce,* 25 Wash. 422, 425–26, 65 P. 763 (1901).

This court has previously reviewed and affirmed the judgment imposing the death sentence. *State v. Campbell,* 103 Wn.2d 1, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985). A final order entered after judgment is appealable under RAP 2.2(a)(13) only if it affects a right other than those adjudicated by the earlier final judgment. *Seattle–First Nat'l Bank v. Marshall,* 16 Wn. App. 503, 508, 557 P.2d 352 (1976). The trial court's order issuing the death warrant does not affect new substantial rights. *State v. Seaton,* 27 Wash. 120, 67 P. 572 (1902). *State v. Boyce, supra; State v. Nordstrom,* 21 Wash. 403, 58 P. 248 (1899) (interpreting Laws of 1893, ch. 61, § 1(7)—the identically worded predecessor to RAP 2.2(a)(13)). Campbell's appeal is therefore dismissed.

Pursuant to RAP 5.1(c), this court will treat Campbell's notice of appeal as a motion for discretionary review. In view of the posture of this case and in the interests of justice, we accept review and proceed to the merits.

First, Campbell claims that he must serve the remainder of his incarceration time on his various prior felony convictions before he can be executed on his 1982 convictions. He relies for this contention on RCW 9.92.080(1), which provides:

> Whenever a person while under sentence of felony shall commit another felony and be sentenced to another *term of imprisonment,* such latter term shall not begin until the expiration of all prior terms[.]

(Italics ours). Campbell asserts that he is presently still serving out his sentences on his prior convictions. He also notes that even when a defendant is sentenced to death there will necessarily be a period of incarceration prior to any execution. Because of this, Campbell concludes, the quoted statute applies and precludes execution until all prior terms have been served.

We disagree. The plain and unambiguous language of the statute indicates it applies only to persons under sentence of felony who are sentenced to "another term of imprisonment." The phrase "term of imprisonment" refers to a term of confinement set by a court, or, previously, the parole board. *St. Peter v. Rhay,* 56 Wn.2d 297, 352 P.2d 806 (1960). Campbell was not "sentenced to a term of imprisonment" for the murders, either by the trial court or by the parole board. He was sentenced to death. *See* RCW 10.95.080. This claim is without merit.

Second, Campbell claims that RCW 10.95.180(1) violates his religious principles, by requiring him "to participate in the decision as to how he shall die when his religious beliefs forbid him from participating in any way in the taking of his own life." Brief of Appellant, at 10.[1] Campbell requests this court to direct the trial court to conduct a hearing to determine the method of execution.

---

[1]The existence of a choice of methods does not itself constitute cruel or unusual punishment. *See State v. Rupe,* 101 Wn.2d 664, 701–02, 683 P.2d 571 (1984).

■ Campbell's argument is unpersuasive. The challenged statute, RCW 10.95.180(1), provides:

The punishment of death . . . shall be inflicted either by hanging by the neck or, at the election of the defendant, by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until the defendant is dead.

This statute does not "require" Campbell to make a decision, but only permits him to "elect" lethal injection instead of hanging. If Campbell chooses not to participate in the decision, the statute itself will determine the method of execution.

We therefore fail to see what purpose could be served by a trial court hearing. Significantly, Campbell does not suggest what evidence might be relevant at such a hearing. Religious beliefs that bar him from participating in any way in selecting the manner of his death would presumably also bar him from informing the court of his preferences in the matter.

In his pro se supplemental brief, Campbell invites the court to reconsider its decision that execution by hanging does not constitute cruel and unusual punishment under the eighth amendment to the United States Constitution and article 1, section 14 of the Washington State Constitution. *See State v. Frampton*, 95 Wn.2d 469, 627 P.2d 922 (1981). Since we decided *Frampton,* at least two other states have upheld statutes providing for execution by hanging. *DeShields v. State,* 534 A.2d 630 (Del. 1987), *cert. denied,* 108 S. Ct. 1754 (1988); *McKenzie v. Osborne,* 195 Mont. 26, 640 P.2d 368 (1981). We decline to reconsider *Frampton.*

Campbell also alleges in his pro se brief that his counsel ineffectively presented certain issues to the Snohomish County Superior Court at the February 15 hearing to set the execution date. Campbell and his attorneys have fully presented all these issues to this court on appeal. Therefore, any error in this regard is harmless.

The Snohomish County Superior Court death warrant setting an execution date of March 30, 1989, is affirmed. In a usual appeal a decision is subject to a motion for reconsideration under RAP 12.4. If that rule pertained here, Campbell might be obliged to seek reconsideration as a prerequisite to further filings in other courts. For this case, therefore, this court will waive and alter certain provisions in RAP 12.4, 12.5, and 12.6, as permitted by RAP 1.2(c) and RAP 18.8(a). No motion for reconsideration will be entertained, and the mandate will issue immediately.

UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.