[No. 29971-6-III.   Division Three.   March 29, 2012.]

M. STANLEY SLOAN, *Appellant*, v. HORIZON CREDIT UNION, *as Successor, Respondent*.

*Dennis W. Clayton*, for appellant.
*Stanley E. Perdue*, for respondent.

¶1 BROWN, J. — M. Stanley Sloan and Dennis W. Clayton appeal the trial court's denial of their RAP 12.8 refund motion to recover judgment satisfaction money from Horizon Credit Union after this court reversed the underlying judgment. Given this record establishing grounds for RAP 12.8 relief, we reverse.

## FACTS

¶2 In 2005, Mr. Sloan, pro se, sued Mountain View Credit Union, Horizon's predecessor, seeking tort damages. The trial court granted Mountain View summary dismissal, including potential contract claims. On appeal, this court affirmed the summary dismissal of the tort claims and concluded Mr. Sloan waived the breach of contract claim and failed to produce prima facie evidence of breach of contract. *Sloan v. Robinson*, noted at 145 Wn. App. 1033 (2009).

¶3 In 2009, Mr. Sloan again sued Horizon with Mr. Clayton as counsel (at the behest of attorney Howard Herman), this time alleging contractual notice failure. Summarily, Horizon successfully asserted the 2009 lawsuit was barred by res judicata and was awarded $14,950 under CR 11 for attorney fees against Mr. Sloan and Mr. Clayton, jointly and severally. Horizon initiated supplemental debt collection proceedings against Mr. Sloan and Mr. Clayton, prompting them to meet with Mr. Herman. Mr. Herman arranged with Mr. Clayton to finance the judgment debt, and Mr. Clayton personally undertook to repay Mr. Herman if the judgment was not reversed on appeal.

¶4 On September 16, 2009, Mr. Clayton and Mr. Herman met with Stanley Perdue, Horizon's attorney. Mr. Herman gave Mr. Perdue a check for $15,097.32 (the judgment amount with interest). Mr. Perdue executed a satisfaction of judgment. Apparently for security, Mr. Herman additionally requested and received a judgment assignment from Mr. Perdue. Mr. Clayton immediately appealed the trial court's dismissal of Mr. Sloan's 2009 lawsuit and the CR 11 judgment. In July 2010, this court affirmed the trial court's res judicata ruling but reversed the CR 11 judgment. After this court's March 14, 2011 mandate, Horizon refused to refund the CR 11 judgment monies to Mr. Herman. Mr. Herman then requested and received a $15,097.32 promissory note from Mr. Clayton.

¶5 Mr. Clayton unsuccessfully moved under RAP 12.8 for a refund of the money paid to satisfy the CR 11 judgment. The court partly found:

2. Procedurally, only M. Stanley Sloan has made a motion pursuant to RAP 12.8. Neither Attorney Dennis Clayton or [sic] Attorney Howard Herman, a non-party, have requested relief pursuant to RAP 12.8.

3. M. Stanley Sloan did not pay any sums in satisfaction of the August 18, 2009 judgment rendered against him by this court. Therefore, pursuant to RAP 12.8, M. Stanley Sloan is not a judgment debtor who has paid all or part of a judgment pending appeal and is not a party from whom property was taken in satisfaction of a judgment.

4. On September 16, 2009 attorney Howard Herman paid to Horizon Credit Union ("Horizon") a check in the amount of $15,097.32 and received, in exchange, an assignment of the August 18, 2009 judgment entered against M. Stanley Sloan and Attorney Dennis Clayton. Attorney Howard Herman is not a party to these proceedings, nor has he made a claim for compensation of any kind in these proceedings and is therefore not a judgment debtor who has paid all or part of judgment pending appeal and is not a party from whom property was taken in satisfaction of a judgment. Attorney Howard Herman has not made a motion to join or asked to be substituted as a party defendant for any purpose in these proceedings. Therefore, this court is without jurisdiction to award restitution to Attorney Howard Herman pursuant to RAP 12.8.

5. The assignment agreement between Horizon Credit Union and Attorney Howard Herman of September 16, 2009 is valid and transferred all of the right, title, interest, burdens and benefits of Horizon Credit Union in the judgment to Attorney Howard Herman. As a result Horizon Credit Union is no longer a judgment creditor is this case as of September 16, 2009.

6. RAP 12.8 requires that a "judgment debtor" who has satisfied a judgment seek restitution from a "judgment creditor" who received the satisfaction monies, upon appellate reversal of a monetary judgment.

7. Attorney Dennis Clayton and Howard Herman did not intend that the judgment of August 18, 2009 be satisfied in any way because Attorney Howard Herman asked for and received an [sic] full assignment of the judgment from Horizon Credit Union. Therefore, pursuant to RAP 12.8 the judgment of August 18, 2009 stands unsatisfied in the hands of Attorney Howard Herman.

Clerk's Papers (CP) at 199-200.

¶6 Mr. Sloan and Mr. Clayton appealed.

## ANALYSIS

¶7 The issue is whether the trial court erred in refusing to grant Mr. Sloan and Mr. Clayton's RAP 12.8 refund motion and concluding they lacked standing to seek RAP 12.8 restitution.

¶8 A trial court's determination whether to award restitution under RAP 12.8 is reviewed for abuse of discretion. *Ehsani v. McCullough Family P'ship*, 160 Wn.2d 586, 589, 159 P.3d 407 (2007). "A trial court . . . necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). Both questions of law and conclusions of law are reviewed de novo. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). A conclusion of law erroneously denominated a finding of fact will be subject to de novo review. *Local Union 1296, Int'l Ass'n of Firefighters v. City of Kennewick*, 86 Wn.2d 156, 161-62, 542 P.2d 1252 (1975). Whether a party has standing is a question of law. *Sunnyside*, 149 Wn.2d at 880. Interpretation of a court rule is also a matter of law. *State v. Robinson*, 153 Wn.2d 689, 693, 107 P.3d 90 (2005).

¶9 "When a trial court has weighed the evidence in a bench trial, appellate review is limited to determining whether substantial evidence supports its findings of fact and, if so, whether the findings support the trial court's

conclusions of law." *Hegwine v. Longview Fibre Co.*, 132 Wn. App. 546, 555, 132 P.3d 789 (2006). "Substantial evidence is evidence sufficient to persuade a fair minded person of the truth of the declared premise." *In re Marriage of Hall*, 103 Wn.2d 236, 246, 692 P.2d 175 (1984). Standing is a " 'party's right to make a legal claim or seek judicial enforcement of a duty or right.' " *State v. Link*, 136 Wn. App. 685, 692, 150 P.3d 610 (2007) (quoting BLACK's LAW DICTIONARY 1442 (8th ed. 2004)).

¶10 RAP 12.8 provides, "If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution." The *Restatement of Restitution* § 74 (1937) is the appropriate source to be used in construing RAP 12.8. *State v. A.N.W. Seed Corp.*, 116 Wn.2d 39, 45-46, 802 P.2d 1353 (1991). *Restatement of Restitution* § 74, titled "Judgments Subsequently Reversed," states the relevant rule:

> A person who has conferred a benefit upon another in compliance with a judgment . . . is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.

¶11 First, Horizon attempts to defend the trial court's reasoning it was not liable under RAP 12.8 because it had not received monies in satisfaction of the judgment. The court found, "Dennis Clayton and Howard Herman did not intend that the judgment of August 18, 2009 be satisfied in any way." CP at 200. But Mr. Herman indisputably received a satisfaction of judgment from Horizon specifying otherwise. That Mr. Herman additionally received a judgment assignment to secure his repayment arrangement with Mr. Clayton is irrelevant to whether the judgment was satisfied

in the first place. The record shows Mr. Herman did not simply purchase a judgment. Mr. Herman acted to terminate the judgment-debt collection proceedings. Thus, the trial court's finding is not supported by substantial evidence. As a matter of law, at the moment Horizon received and accepted money to satisfy the CR 11 judgment, it acted as a judgment creditor discharging the judgment debt, critical under RAP 12.8.

¶12 Second, Horizon argues the trial court correctly decided Mr. Sloan and Mr. Clayton lacked RAP 12.8 standing. But the satisfaction of judgment acknowledges "receipt of payment in full of [the] judgment . . . against the Plaintiff, M. Stanley Sloan and his attorney Dennis W. Clayton." CP at 42. It continues, "Defendant does hereby authorize and direct that the Clerk of the above entitled Court enter Satisfaction of Judgment accordingly." *Id.* The record shows Mr. Herman paid the judgment on Mr. Clayton's behalf because Mr. Herman had asked Mr. Clayton to represent Mr. Sloan in the case that resulted in the CR 11 sanctions. Mr. Herman paid the judgment in order to abate debt collection proceedings against Mr. Clayton. Whether, as Horizon argues, the statute of frauds would make the repayment agreement between Mr. Clayton and Mr. Herman unenforceable is irrelevant to whether Mr. Sloan and Mr. Clayton lack standing to seek a refund under RAP 12.8. Similarly, whether unjust enrichment principles apply is beside the point. Thus, we do not further address these arguments.

¶13 Under RAP 1.2(a), the rules of appellate procedure "will be liberally interpreted to promote justice" and "issues will not be determined in the basis of compliance or non compliance with these rules except in compelling circumstances." RAP 12.8 provides for a refund where a party has satisfied a later reversed judgment, our circumstances here. While Horizon argues Mr. Sloan and Mr. Clayton did not seek relief under RAP 12.8, the pleadings and memoranda in the trial court show otherwise. Horizon's argu-

ments at best elevate form over substance. Mr. Clayton requested relief for Mr. Sloan under RAP 12.8, and Horizon resisted. We conclude standing principles do not bar RAP 12.8 relief. Because Horizon does not prevail, we deny its attorney fee request.

¶14 Reversed.

KULIK, C.J., and SWEENEY, J., concur.

Review denied at 174 Wn.2d 1019 (2012).