# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

GUSTAVO NELSON ARZOLA, an )
individual, MICHAEL KLATT, an )      No. 71455-4-I
individual, and SUSAN PROSSER, an )
individual, )
)
) ORDER WITHDRAWING OPINION
Appellants/Cross Respondents, ) AND SUBSTITUTING OPINION
)
CARL TAYLOR, an individual, )
)
Plaintiff, )
)
v. )
)
NAME INTELLIGENCE, INC., a )
Washington corporation; and )
JAY WESTERDAL, an individual, )
)
    Respondents/Cross Appellants.  )

The court has determined that the opinion filed on June 15, 2015, should

be withdrawn and a substitute published opinion be filed.  Now, therefore, it is

hereby

ORDERED that the opinion filed on June 15, 2015, be withdrawn and a

substitute published opinion be filed.

DATED this 29th day of June, 2015.

Trickey, J

Leach, J.                               Dwyer, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GUSTAVO NELSON ARZOLA, an individual, MICHAEL KLATT, an individual, and SUSAN PROSSER, an individual, | ) ) ) ) ) | No. 71455-4-I<br><br>DIVISION ONE |
| Appellants/Cross Respondents, | ) ) | PUBLISHED OPINION |
| CARL TAYLOR, an individual, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| NAME INTELLIGENCE, INC., a Washington corporation; and JAY WESTERDAL, an individual, | ) ) ) ) ) | |
| Respondents/Cross Appellants. | ) ) | FILED: June 29, 2015 |

TRICKEY, J. — Where a party has voluntarily satisfied a trial court decision that the appellate court later modifies, RAP 12.8 requires the trial court to order restitution in appropriate circumstances. Here, the defendants appealed a judgment that awarded the plaintiffs damages for nonpayment of wages. This court modified that judgment, determining that the compensation paid plaintiffs did not constitute wages. Thus, the defendants were entitled to recover the monies they had paid for exemplary damages, attorney fees, and litigation expenses. Defendants were also entitled to prejudgment interest assessed from the time payment was made.

The defendants cross appeal the interest rate for prejudgment interest awarded, asserting that the trial court was required to impose the statutory rate of 12 percent. Because this is an action in equity, the court can determine the

prejudgment interest rate. Here, the trial court awarded 5 percent prejudgment interest. Under the circumstances, the trial court did not abuse its discretion in its equitable award of prejudgment interest. We affirm.

## FACTS

Gustavo Arzola, Michael Klatt, and Susan Prosser (collectively Arzola) were employees of Name Intelligence Inc. (NI), a Washington corporation co-founded by respondent Jay Westerdal, its chief executive officer, president, and 100 percent shareholder. Arzola sued NI for monies owed under stock right cancellation agreements. The trial court determined that the amounts owed constituted wages. The trial court entered a judgment on February 18, 2011, which included exemplary damages, attorney fees, and costs as required under chapter 49.52 RCW.

NI and Westerdal paid the judgment in full, submitting a check to Arzola's counsel. At the same time, they notified Arzola that they were appealing the judgment. On appeal, NI and Westerdal challenged the trial court's decision that payments owed to Arzola constituted wages entitling Arzola to exemplary damages of twice the amount of wages wrongfully withheld, as well as attorney fees and costs. This court held that the monies owed did not constitute wages and reversed the award of exemplary damages, attorney fees, and costs.[1]

NI and Westerdal filed a motion under RAP 12.8 to recover the monies paid along with 12 percent prejudgment interest. The trial court awarded the monies NI

---

[1] Arzola v. Name Intelligence, Inc., 172 Wn. App. 51, 288 P.3d 1154 (2012).

had paid for exemplary damages, attorney fees, and costs, but awarded only the five percent prejudgment interest. Arzola timely appeals.[2]

NI and Westerdal cross appeal, arguing that the prejudgment interest rate should be 12 percent.

## ANALYSIS

This court reviews an award under RAP 12.8 for a manifest abuse of discretion. Ehsani v. McCullough Family P'ship, 160 Wn.2d 586, 589, 159 P.3d 407 (2007). An abuse of discretion occurs only when exercised in a manifestly unreasonable manner or on untenable grounds. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

RAP 12.8 provides:

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution. An interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.

A party is entitled to a refund where one has satisfied a later reversed judgment. Sloan v. Horizon Credit Union, 167 Wn. App. 514, 520, 274 P.3d 386 (2012).

Arzola's argument that RAP 12.8 does not require restitution after modification of a judgment is not well taken. Our Supreme Court has construed RAP 12.8 as requiring practitioners and courts to look to the common law of restitution as set forth in the Restatement of Restitution to determine the

---

[2] Arzola filed a motion for reconsideration more than 10 days after the judgment. The court denied the motion as untimely.

postreversal remedy. Ehsani, 160 Wn.2d at 590. Section 74 of the Restatement of Restitution (1937) states:

> A person who has conferred a benefit upon another in compliance with a judgment, . . . is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.

Under RAP 12.8 and section 74 of the Restatement of Restitution, NI and Westerdal are entitled to be restored to their original positons upon reversal of the trial court's judgment. See Simonson v. Fendell, 101 Wn.2d 88, 93, 675 P.2d 1218 (1984) ("The general principle is that rescission contemplates restoration of the parties to as near their former position as possible or practical.").

On remand from this court, the trial court awarded NI and Westerdal $254,598.36, calculated as follows:

> $145,007.00 (exemplary/double damages for 2009)
> $7,381.82 (exemplary/double damages for 2010)
> $97,860.00 (attorney fees)
> $4,349.54 (litigation costs)

Procedurally, Arzola argues that the trial court should have conducted an evidentiary hearing on the RAP 12.8 motion. Both parties submitted declarations in support of their positions. The trial court issued its ruling without oral argument. The facts are undisputed, and thus there was no need for an evidentiary hearing. See Kwiatkowski v. Drews, 142 Wn. App. 463, 479, 176 P.3d 510 (2008).

Arzola then argues that because RAP 12.8 provides an equitable remedy, the trial court should have assessed what benefit they received from the monies paid. Specifically, Arzola contends that the amounts paid for taxes and attorney

fees were not a direct monetary benefit to them and therefore should be excluded from restitution.

In support, Arzola submitted declarations establishing the amount of federal income taxes paid on the funds distributed to each of them. In response, NI and Westerdal provided a declaration by a certified public accountant indicating that such payments were recoverable under section 1341 of the Internal Revenue Code. Under that section, Arzola could elect to either deduct the repayment on their tax returns or claim a refundable tax credit, whichever option provided the most tax benefit. Arzola did not submit anything to refute this declaration.

Citing Ehsani, Arzola argues that the attorney fees paid were not a benefit to them and therefore should not have been assessed against them. Arzola's reliance on Ehsani for this argument is misplaced. There, the judgment was paid into the attorney's client trust account. The clients specifically directed the attorney to distribute proceeds to the clients' creditors and to himself. Ehsani, 160 Wn.2d at 589. But here, the judgment itself awarded attorney fees to the lawyers as part of a statutory scheme. The fees paid were erroneously awarded under RCW 49.48.030. Neither NI nor Westerdal should bear the attorney fee expenses Arzola paid to their attorneys. Arzola's situation is more similar to Sloan v. Horizon Credit Union, 167 Wn. App. 514, 274 P.3d 386 (2012), where the court permitted restitution under RAP 12.8 for CR 11 attorney fees in a judgment that was subsequently reversed.

Arzola contends next that the trial court erred in entering a joint judgment in favor of both NI and Westerdal and jointly against all three plaintiffs. Arzola argues

that Westerdal was not entitled to be a judgment debtor because NI paid the check. But the judgment listed both NI and Westerdal as the judgment debtor. Further, the order clauses specified that judgment in the amount of $256,698.36 was against Jay Westerdal, individually. Because Westerdal was individually liable, he is entitled to be reimbursed. The fact that NI paid the check is immaterial. See Sloan, 167 Wn. App. at 519-21 (not material that someone other than the judgment debtor tendered funds in satisfaction of the debt).

The first judgment listed each of the employees as the judgment creditors. The trial court did not enter separate judgments. A judgment against all was appropriate on remand.

Prejudgment Interest

The trial court awarded 5 percent prejudgment interest. Arzola argues that no prejudgment interest should be awarded. NI and Westerdal cross appeal asserting that the trial court was required to impose 12 percent prejudgment interest.

This court reviews prejudgment interest awards for abuse of discretion. Scoccolo Constr., Inc. v. City of Renton, 158 Wn.2d 506, 519, 145 P.3d 371 (2006). An award of prejudgment interest is appropriate where a party retains funds rightly belonging to another party and thereby denies the party the use value of the money. Crest, Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 775, 115 P.3d 349 (2005). A prevailing party is entitled to prejudgment interest, provided the damages are liquidated. Lakes v. von der Mehden, 117 Wn. App. 212, 214, 70 P.3d 154 (2003). Here, the claim is liquidated because the measure of damages

does not require the exercise of discretion. Egerer v. CSR W., LLC, 116 Wn. App. 645, 653, 67 P.3d 1128 (2003). Thus, an award of prejudgment interest is appropriate.

We turn now to the question of whether the trial court erred in imposing only five percent prejudgment interest. Interest is not a penalty but compensation for the loss of use of those funds. Jones v. Best, 134 Wn.2d 232, 242, 950 P.2d 1 (1998).

Here, the prejudgment interest is not awarded pursuant to RCW 19.52.010(1). Rather, its basis lies in the court rule, RAP 12.8. Restitution to a judgment debtor for the amounts paid by the judgment debtor to satisfy a judgment that is later modified by the appellate court is an equitable remedy. Ehsani, 160 Wn.2d at 589-90. In matters of equity, trial courts have broad discretionary powers to fashion equitable remedies and we review the trial court's consideration of the equities for abuse of discretion. Recreational Equip., Inc. v. World Wrapps Nw., Inc., 165 Wn. App. 553, 559, 266 P.3d 924 (2011).

NI and Westerdal were deprived of the use of their funds and the payment of interest is appropriate here to avoid injustice.[3] The trial court awarded "a reasonable, equitable rate of interest of 5 [percent] on the above amount of restitution, from the date of payment of the judgment on March 2, 2011."[4] Under

---

[3] An award of less than the 12 percent prejudgment interest requested by NI and Westerdal was appropriate where the trial court had evidence before it that two of the plaintiffs had placed the money in their bank accounts where it earned 0.5 percent and 0.41 percent interest. Neither the third plaintiff nor the third plaintiff's attorneys submitted any evidence of the interest made on the monies from the judgment. In view of this, a reduction of the 12 percent prejudgment interest rate requested was appropriate.

[4] Clerk's Papers (CP) at 98.

the circumstances here, we conclude that the five percent interest was not so manifestly unreasonable or based on such untenable grounds as to constitute an abuse of discretion.

We affirm the trial court.

_Trickey, J_

WE CONCUR:

_____          _Dwyer, J_

No. 71455-4-I
<u>Arzola v. Name Intelligence, Inc.</u> – Concurrence


LEACH, J. (concurring) — I concur in the result only.