

COURT OF APPEALS
STATE OF WASHINGTON

2015 AUG 10 AM 9:09

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID N. BROWN, INC., a Washington corporation, d/b/a Fox Plumbing & Heating, ) ) ) | No. 72658-7-I |
| ) | DIVISION ONE |
| Respondent, ) ) | |
| v. ) ) | UNPUBLISHED OPINION |
| ACT NOW PLUMBING, LLC, a Washington limited liability company, d/b/a Gary Fox Plumbing & Heating; IGOR IVANCHUCK, ) ) ) ) ) | |
| Appellant. ) | FILED: August 10, 2015 |

SCHINDLER, J. — David N. Brown Inc. doing business as Fox Plumbing & Heating (Fox Plumbing) and Act Now Plumbing LLC (Act Now) entered into a CR 2A settlement agreement. On June 11, 2014, the court entered an order interpreting the CR 2A agreement. Thereafter, the parties stipulated to dismiss the lawsuit and on July 2, the court entered an order of dismissal with prejudice. After granting the motion to enforce the CR 2A settlement agreement on August 21, 2014, the court awarded Fox Plumbing attorney fees and costs.

On October 31, 2014, Act Now filed a notice of appeal of the June 11, 2014 order granting the motion for judicial interpretation of the CR 2A settlement agreement, the August 21, 2014 order granting the motion to enforce the settlement agreement, and the

October 3, 2014 order awarding attorney fees and costs. Fox Plumbing filed a motion to dismiss. Fox Plumbing asserted the appeal of the June 11, 2014 order and the August 21, 2014 order was untimely under RAP 5.2. We conclude that the August 21, 2014 order is a final appealable order under RAP 2.2, and even if the June 11, 2014 order is an interlocutory order, the appeal is untimely. We dismiss the appeal of the August 21, 2014 and June 11, 2014 orders, and affirm the October 3, 2014 order awarding attorney fees.

## CR 2A Settlement Agreement

Fox Plumbing & Heating (Fox Plumbing) is a Seattle-based plumbing and heating company. In the early 1980s, David N. Brown Inc. purchased the company and registered a trademark under the name of "Fox Plumbing & Heating."

Gary Fox owned and operated Gary Fox Plumbing. In 2008, Gary Fox sold the company to Igor Ivanchuck. Ivanchuck formed Act Now Plumbing LLC (Act Now) and began doing business under the trade name "Gary Fox Plumbing & Heating."

In 2012, Fox Plumbing filed a complaint for declaratory judgment and injunctive relief against Act Now to prevent use of the "Gary Fox Plumbing" trade name and trademark. The complaint alleged that in 2011, Fox Plumbing purchased the "Gary Fox Plumbing" trade name and trademark from Gary Fox.

Before trial, the parties entered into to a "CR 2A Settlement Agreement" to dismiss the lawsuit with prejudice. The agreement states, in pertinent part:

1. For payment in the amount of $45,000 from Plaintiff, Defendants (and successors and assigns) agree to cease using the name "Gary Fox Plumbing & Heating" in perpetuity.
2. Defendants may retain their logo and use the name "Gary's Fix-It Plumbing & Heating" or "Gary's Plumbing & Heating." Defendants will

2

not use a Fox in their logo or trademark. Plaintiff is entitled to review Defendants' proposed new logo before it is put into commerce.

3. Defendants shall have six months to transition their name.

4. Both parties agree that neither shall use the name "Gary Fox Plumbing & Heating" commercially in perpetuity. However, Plaintiff shall have the right to register it with the State of Washington for the sole purpose of taking it out of the public domain.

5. A mutual release will be signed by the parties as part of a to-be drafted comprehensive Settlement Agreement.

6. This case will be dismissed with prejudice and without costs or attorneys' fees.

On April 1, 2014, the parties filed a notice of settlement.

Interpretation of CR 2A Settlement Agreement

On May 30, 2014, Fox Plumbing filed a motion for judicial interpretation of the CR 2A Settlement Agreement. Fox Plumbing states there is no dispute the agreement is enforceable, but the agreement is "missing a term regarding the timing of [Fox Plumbing]'s payment." Fox Plumbing argued, "[B]ased on the facts and circumstances of this case," a reasonable term "should be that the settlement amount is held in trust until Defendants' satisfactory completion of the transition of the name." Fox Plumbing also states it is willing to pay Act Now $10,000 immediately to cover the costs of the transition with the remaining $35,000 "to be held in trust or escrow and paid upon Defendants' complete performance."

Act Now opposed the motion for judicial interpretation and filed a cross-motion to enforce the settlement agreement. Act Now argued the court should enforce the clear and unambiguous provisions of the CR 2A Settlement Agreement and find Fox Plumbing breached the agreement by refusing to pay the $45,000.

The court ruled Fox Plumbing did not breach the agreement and granted the motion for judicial interpretation. The court ruled the CR 2A agreement was "ambiguous

concerning when payment of the agreed upon $45,000 was due." The court ordered Fox Plumbing to pay $10,000 immediately; deposit the remaining $35,000 into the court registry; and, "[u]pon completion of performance, Defendants' counsel may apply for disbursement of funds, supported by a declaration of counsel and supporting evidence of full performance." The June 11, 2014 order states, in pertinent part:

> The CR 2A agreement was ambiguous concerning when payment of the agreed-upon $45,000 was due.
> Based on the foregoing, the Court hereby ORDERS as follows:
> 1. Plaintiff's Motion for Judicial Interpretation of CR 2A Settlement Agreement is GRANTED.
> 2. The CR 2A Settlement Agreement . . . is missing a term regarding timing of payment.
> 3. The Court supplies the following term to the CR 2A Settlement Agreement with respect to the timing of payment:
> [Fox Plumbing] shall pay the Defendants the total sum of forty-five thousand dollars ($45,000). Payment shall be made as follows: ten thousand dollars ($10,000) is to be paid immediately. . . . The remaining thirty-five thousand dollars ($35,000) shall be deposited into the Court registry, pending further order of the Court. Upon completion of performance, Defendants' counsel may apply for disbursement of funds, supported by a declaration of counsel and supporting evidence of full performance. Such application shall be submitted in accordance with KCLR 7.
> 4. Plaintiff is not in breach of the CR 2A Settlement Agreement.
> 5. The parties shall prepare and execute a written Settlement & Release Agreement consistent with their CR 2A and with this Order.

After entry of the June 11, 2014 order, the parties entered into a "Settlement and Release Agreement" and filed a "Stipulation and Order of Dismissal with Prejudice." On July 2, 2014, the court ordered the case dismissed "with prejudice," but the order states that the court "shall retain jurisdiction in accordance with the Court's order granting plaintiff's motion for judicial interpretation of CR2A Settlement Agreement."

4

Enforcement of CR 2A Settlement Agreement

In August, Fox Plumbing filed a motion to enforce the settlement agreement and order Act Now to cease using the name "Gary Fix" as part of its website address. Act Now opposed the motion, arguing the settlement agreement did not address the use of domain names. Act Now also argued it was not required to comply with the terms of the settlement agreement for six months and "has until December 23, 2014 to transition to its new trade name."

On August 21, 2014, the court entered an order enforcing the CR 2A Settlement Agreement. The court rejected the argument that the settlement agreement allowed Act Now to use "Gary Fix" as an internet domain name. The court ruled it was "clear that the parties agreed that [Act Now] would not use the name 'Gary Fix.' " The court also rejected the argument that Act Now was permitted to use the "garyfix.com" domain name until December. The court ruled that "[t]he six month period referenced in the Settlement Agreement was to permit the defendants to transition discontinuation of the 'Gary Fox' trade name, not to permit the defendants [to] set up a new internet domain name that is contrary to the parties' agreement." The court enforced the settlement agreement, ordered Act Now to cease using "garyfix.com," and ruled Fox Plumbing was entitled to attorney fees.

The August 21 order states, in pertinent part:

Based on the foregoing, the Court hereby ORDERS as follows:
1.      Plaintiff's Motion to Enforce the Settlement Agreement is GRANTED.
2.      Defendants shall take down and cease their use of the "garyfix.com" website/domain name within five business days of this Order.
3.      Pursuant to the parties' Settlement Agreement, Plaintiff is awarded attorneys' fees and costs in bringing its motion, including filing its

reply, in an amount to be determined pursuant to a motion to be filed by Plaintiff within ten days of this Order.

## Attorney Fee Award

Fox Plumbing filed a motion for an award of attorney fees and costs. Act Now filed a "Response to Plaintiff's Motion for Attorney's Fees and Costs" opposing Fox Plumbing's request for attorney fees and costs. Act Now argued the court erred in granting the motion to enforce the settlement agreement. Act Now also argued Fox Plumbing was not entitled to entry of judgment for attorney fees and costs because "the court has retained authority to rule on whether the Defendants are entitled to the remaining settlement payment of $35,000[.00]" and, therefore, there was no "final judgment." The court disagreed, and on October 3, 2014, entered an order awarding Fox Plumbing $6,560.49 in attorney fees and costs.

## Timeliness of Appeal of June 11, 2014 and August 21, 2014 Orders

On October 31, 2014, Act Now filed a notice of appeal of the June 11, 2014 order granting the motion for judicial interpretation of the CR 2A Settlement Agreement, the August 21, 2014 order granting the motion to enforce the settlement agreement, and the October 3, 2014 order awarding Fox Plumbing attorney fees and costs.[1] Fox Plumbing filed a motion to dismiss the appeal of the June 11, 2014 order and the August 21, 2014 order as untimely.

There is no dispute Act Now timely appealed the October 3, 2014 order awarding attorney fees. But as Act Now concedes, the timely appeal of the October 3, 2014 fee

---

[1] Act Now filed a motion in the trial court to stay enforcement of the October 3, 2014 judgment for attorney fees and costs under RAP 8.1. The trial court granted the motion to stay enforcement of the October 3 order for attorney fees and costs. RAP 8.1(b) allows "[a]ny party to a review proceeding" to "stay enforcement of a money judgment, or a decision affecting real, personal or intellectual property, pending review."

award "does not bring up for review" the merits of the June 11, 2014 order or the August 21, 2014 order. RAP 2.4(b); Bushong v. Wilsbach, 151 Wn. App. 373, 377, 213 P.3d 42 (2009).

Fox Plumbing argues the appeal of the June 11, 2014 order and the August 21, 2014 order is untimely under RAP 2.2 and RAP 5.2.

RAP 2.2(a) lists the superior court decisions from which a party may appeal as of right. RAP 2.2 provides, in pertinent part:

> **(a) Generally.** Unless otherwise prohibited by statute or court rule and except as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:
> (1) Final Judgment. The final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs.
>
> . . . .
>
> (3) Decision Determining Action. Any written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action.
>
> . . . .
>
> (13) Final Order After Judgment. Any final order made after judgment that affects a substantial right.

As a general rule, a party seeking appellate review of a superior court decision must file a notice of appeal within 30 days after entry of the decision that the party filing the notice wants reviewed. RAP 5.2(a) states:

> **Notice of Appeal.** Except as provided in rules 3.2(e) and 5.2(d) and (f), a notice of appeal must be filed in the trial court within the longer of (1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed, or (2) the time provided in section (e).

A party must file a notice for discretionary review within 30 days after "the act of the trial court that the party filing the notice wants reviewed." RAP 5.2(b). "[O]nly in extraordinary circumstances and to prevent a gross miscarriage of justice" will an

7

appellate court extend the time to file a notice of appeal or notice for discretionary review. RAP 18.8(b).[2]

Act Now argues the August 21, 2014 order and the June 11, 2014 order are interlocutory and not appealable as of right under RAP 2.2. Act Now asserts the court erred in entering the order awarding fees because neither the June 11, 2014 order nor the August 21, 2014 order was a final order. We disagree.

The August 21 order to enforce the settlement agreement is appealable as either a final judgment under RAP 2.2(a)(1) or as a final order made after judgment under RAP 2.2(a)(13).

A final judgment is one that " 'settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment.' " State v. Taylor, 150 Wn.2d 599, 602, 80 P.3d 605 (2003) (quoting BLACK'S LAW DICTIONARY 847 (7th ed.1999)). "This is true even if it directs performance of certain subsidiary acts in carrying out the judgment, the right to the benefit of which is adjudicated in that judgment." Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 255, 884 P.2d 13 (1994); see also Nestegard v. Inv. Exch. Corp., 5 Wn. App. 618, 623-24, 489 P.2d 1142 (1971).

A final order entered after judgment is appealable under RAP 2.2(a)(13) only if it affects a right " 'other than those adjudicated by the earlier final judgment.' " State v. Richardson, 177 Wn.2d 351, 364, 302 P.3d 156 (2013) (quoting State v. Campbell, 112 Wn.2d 186, 190, 770 P.2d 620 (1989)).

---

[2] Act Now does not present any argument that an enlargement of time to file a notice of appeal or notice for discretionary review under RAP 18.8(b) is appropriate.

Act Now asserts there can be no final judgment where a trial court "has or retains continuing jurisdiction to adjudicate a particular dispute." Before entry of the August 21 order enforcing the settlement agreement, the court entered the July 2, 2014 order dismissing the case with prejudice but retaining jurisdiction "in accordance with the [June 11, 2014] order granting plaintiff's motion for judicial interpretation of CR2A Settlement Agreement." While the court retained jurisdiction in the July 2, 2014 order, the August 21 order enforcing the settlement agreement clearly resolved all issues in controversy except for the amount of attorney fees.

The cases Act Now relies on are distinguishable. See, e.g., In re Det. of Turay, 139 Wn.2d 379, 392-93, 986 P.2d 790 (1999) (a postcommitment order is not a " 'final judgment' " because it could be modified by the court and therefore did not constitute a final determination of defendant's rights or settle all of the issues in the case); State v. Sponburgh, 84 Wn.2d 203, 206, 525 P.2d 238 (1974) (protective order sealing grand jury evidence " 'pending further order of this court' " was not a final judgment because it did not constitute a final determination of the rights of the parties in the action in regard to the release of evidence); In re Estate of Moore, 36 Wn.2d 854, 856-58, 220 P.2d 1079 (1950) (order decreeing son was disqualified from taking under the terms of his mother's will but continuing hearing on petition for distribution was not an appealable order because it was not a final determination of son's right to his mother's estate and did not determine the ultimate question of who was entitled to the estate); State v. Smits, 152 Wn. App. 514, 523-24, 216 P.3d 1097 (2009) (order to pay legal financial obligations (LFOs) cannot be "final" under RAP 2.2(a)(1) because it is conditional and the court can modify the LFOs at any time).

9

In sum, we conclude the August 21, 2014 order is a final judgment and order, and whether we treat the June 11, 2014 order as appealable under RAP 2.2 or as an interlocutory order subject to discretionary review, Act Now did not timely file either a notice of appeal or a notice for discretionary review within 30 days of entry of the order as required under RAP 5.2.[3]

We dismiss the appeal of the August 21, 2014 order and the June 11, 2014 order as untimely, and affirm the October 3, 2014 order awarding attorney fees. Under the terms of the CR 2A Settlement Agreement[4] and upon compliance with RAP 18.1, Fox Plumbing is entitled to an award of attorney fees and costs on appeal.

WE CONCUR:

---

[3] Act Now does not present any argument or cite any authority challenging the reasonableness of the October 3 fee award. See Ang v. Martin, 154 Wn.2d 477, 487, 114 P.3d 637 (2005) (appellate court will not consider the merits of an issue when appellant fails to present any argument or cite any authority on that issue).

[4] Paragraph 14 of the CR 2A Settlement Agreement states:

**Attorneys' Fees**. In the event of any controversy or dispute between the Parties pertaining to this Agreement, including enforcement of its terms or interpretation thereof, the prevailing Party shall be entitled to recover from the losing party its reasonable attorneys' fees, expenses and costs.

10