# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 75897-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| MICHAEL ANDREW HECHT, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 29, 2018 |

TRICKEY, A.C.J. — A jury convicted Michael Hecht of patronizing a prostitute and felony harassment. This court subsequently reversed his convictions. The State declined to retry him.

Hecht brought a motion under RAP 12.8 for restitution of his court imposed financial obligations, as well as his legal fees, deterioration of emotional and physical health, and unwarranted community service and community supervision. The trial court awarded only a small portion of his requested restitution. Hecht appeals the trial court's denial of the majority of the restitution sought in the motion. We affirm in part, and reverse in part, and remand for an award of the cost of the prostitution class (John School) to Hecht as restitution.

## FACTS

Hecht was a Washington State superior court judge. In October 2009, a jury convicted him of patronizing a prostitute and felony harassment. The trial court sentenced him to 240 hours of community service and 12 months of community custody. Hecht was required to attend John School, pay legal financial obligations (LFOs), and obtain a human immunodeficiency virus (HIV) test. As a result of his convictions, he was forced to resign from his judgeship and stipulate to disbarment

by the Washington State Bar Association. Hecht fully satisfied his sentence.

In February 2014, this court reversed Hecht's convictions due to prosecutorial misconduct during closing arguments. The State declined to retry the case and, in June 2014, the trial court signed an order to dismiss the charges without prejudice ex parte.

In June 2016, Hecht filed a motion under RAP 12.8 requesting $1,600,747.25 in restitution from the State. This sum included the LFOs, as well as the cost of John School, blood testing, and community service hours required by the judgment and sentence. He requested recompense for attorney fees for the original case and the motion for restitution. He also sought compensation for lost income, deterioration of his physical and emotional health, future expenses to restore his law license, and time spent under unwarranted community supervision.

Judge James Cayce was the trial judge. At the hearing on his restitution motion, Hecht filed an affidavit of prejudice and made a motion for recusal of Judge Cayce.

Hecht alleged that Judge Cayce was prejudiced in his ability to hear the restitution motion because "Judge Cayce clearly has made up his own mind about myself and was rude and insensitive to my family."[1] Hecht had also filed a complaint to the Judicial Qualifications Commission because Judge Cayce entered the ex parte order of dismissal without prejudice. The trial court denied both the affidavit of prejudice and the motion for recusal.

The trial court ordered restitution of $2,050.00 for the money Hecht had paid

---

[1] Clerk's Papers at 58.

2

for the LFOs and the court ordered blood draw. The trial court denied Hecht's other requested restitution. The court determined that Hecht benefitted from John School and would be unjustly enriched by restitution of the $750 tuition. The trial court concluded that it did not have discretion to award Hecht's other requested financial compensation.

Hecht appeals.

## ANALYSIS

### Appealability

The State argues that Hecht cannot appeal this case because his claim lacks finality. According to the State, this postdismissal order on restitution is not a final judgment because it does not settle the issues in the case. The State further contends that the only final judgment in a criminal case concerns the guilt or innocence of the defendant, which the present order does not address. The State also argues that Hecht's criminal judgment "disappeared" after his case was dismissed.[2] We disagree with the State's interpretation because the dismissal of the underlying criminal case is final and allows for appeal in this situation.

A party may seek review of a superior court judgment by appeal or discretionary review under limited circumstances. RAP 2.1(a)(1), (2). A party has a right to appeal a final order made after judgment that affects a substantial right. RAP 2.2(a)(13). A final order is only appealable under RAP 2.2(a)(13) if it affects a substantial right other than those adjudicated by the earlier final judgment. See State v. Campbell, 112 Wn.2d 186, 190, 770 P.2d 620 (1989).

---

[2] Br. of Resp't at 9.

A final judgment "is one that settles all the issues in a case." In re Det. of Turay, 139 Wn.2d 379, 392, 986 P.2d 790 (1999). Generally, an order of dismissal without prejudice is not considered a final judgment because it allows the State to refile charges within the statute of limitations, and "'leaves the matter in the same condition in which it was before the commencement of the prosecution.'" State v. Taylor, 150 Wn.2d 599, 602, 80 P.3d 605 (2003) (internal quotation marks omitted) (quoting State v. Corrado, 78 Wn. App. 612, 615, 989 P.2d 860 (1995)). As a result, "the legal and substantive issues are generally not resolved," and a dismissal without prejudice lacks finality. Taylor, 150 Wn.2d at 602.

While the case law is clear that a dismissal without prejudice is not final within the statute of limitations, analogous cases under other sections of RAP 2.2 suggest that such orders are appealable after termination of the statute of limitations. In criminal cases, the State can appeal a "decision that in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty." RAP 2.2(b)(1). Although a dismissal without prejudice is generally not appealable by the State because such dismissals do not "discontinue or abate" a case, expiration of the statute of limitations effectively finally determines the charges and allows for appeal. State v. Kiliona-Garramone, 166 Wn. App. 16, 21, 267 P.3d 426, 430 (2011). Once the statute of limitations has run, the State can appeal motions to dismiss without prejudice. See Kiliona-Garramone, 166 Wn. App. at 21.

Similarly, a party can appeal "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final

4

judgment or discontinues the action." RAP 2.2(a)(3). A case is effectively discontinued and all issues are settled once the statute of limitations bars refiling, even if it was dismissed without prejudice. Tjart v. Smith Barney, Inc., 107 Wn. App. 885, 893, 28 P.3d 823 (2001). Therefore, for the purposes of RAP 2.2(a)(3), a dismissal without prejudice is final and appealable once the statute of limitations has run. Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 487, 200 P.3d 683 (2009).

Here, Hecht's case was dismissed without prejudice after the State declined to retry him following reversal of his convictions. The statutes of limitations on Hecht's underlying charges have since run, barring the State from refiling charges.[2] Under case law applying RAP 2.2, this effectively settles all criminal issues in this case. Because all legal and substantive issues are now resolved, the dismissal no longer lacks finality. Therefore, the motion to dismiss constitutes a final judgment.

More than a final judgment is required for appeal under RAP 2.2(a)(13). The order appealed must affect a substantial right other than those adjudicated by the earlier final judgment. See Campbell, 112 Wn.2d at 190. In this case, Hecht is legally entitled to restitution after his judgment was modified by the appellate court. See RAP 12.8; State v. A.N.W. Seed Corp., 116 Wn.2d 39, 44-46, 802 P.2d 1353 (1991). Therefore, the order denying restitution affects the substantial right to return of his property.

---

[2] Hecht contends that he filed the motion for restitution in June 2016, after waiting until the expiration of the statutes of limitations. However, the State claims the allowable time to refile the felony harassment charges did not expire until December 2016. Even under the State's later timeline, the statutes of limitations to refile the charges have expired.

We conclude that because the order is final and affects a substantial right, the case is appealable under RAP 2.2(a)(13).

## Restitution Under RAP 12.8

Hecht argues that the trial court erred by concluding he was not entitled to his requested restitution. Specifically, Hecht challenges the trial court's decision to deny restitution for the cost of John School, unwarranted community service and community supervision, lost wages, mental and physical deterioration, and legal fees under RAP 12.8. The State contends that the trial court properly awarded restitution only for the LFOs imposed by the judgment and sentence, and that Hecht improperly requests civil damages that are unavailable under RAP 12.8. While we agree that RAP 12.8 does not support Hecht's request for community service and supervision, physical and mental deterioration, or legal fees, we remand for reimbursement of the cost of John School tuition.

> A party may seek restitution if he
>
> has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution.

RAP 12.8. "Court rules are interpreted in the same manner as statutes." Jaffar v. Webb, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013). "When a rule is ambiguous, we must discern the drafter's intent by 'reading the rule as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent.'" Jaffar, 177 Wn.2d at 526-27 (quoting State v. Chhom, 162 Wn.2d 451, 458, 173 P.3d 234 (2007)).

6

Interpretation of a court rule is a matter of law and reviewed de novo. Sloan v. Horizon Credit Union, 167 Wn. App. 514, 518, 274 P.3d 386 (2012). "A trial court's determination whether to award restitution under RAP 12.8 is reviewed for abuse of discretion." Ehsani v. McCullough Family P'ship, 160 Wn.2d 586, 589, 159 P.3d 407 (2007). "An abuse of discretion occurs only when exercised in a manifestly unreasonable manner or on untenable grounds." Arzola v. Name Intelligence, Inc., 188 Wn. App. 588, 592, 355 P.3d 286 (2015).

The parties agree that RAP 12.8 is ambiguous. The rule provides for restitution in "appropriate circumstances," but does not provide guidance on what constitutes appropriate circumstances. In restitution cases, courts have looked to the *Restatement of Restitution (Am. Law Inst. 1937)* as an appropriate source for guidance on generally accepted common law. See Ehsani, 160 Wn.2d at 591; A.N.W. Seed Corp., 116 Wn.2d at 45-46; Sloan, 167 Wn. App. at 519.

The State questions the applicability of the *Restatement of Restitution* in this criminal case. The *Restatement of Restitution* is civil law focused, as are the cases that advocate for its application in the RAP 12.8 context.[3] Here, the underlying criminal case has been dismissed and the statute of limitations has run. Hecht's claim for restitution under RAP 12.8 is the only remaining issue and is civil in nature. Therefore, the *Restatement of Restitution* is applicable to the interpretation of RAP 12.8 in this case.

---

[3] The only criminal case applying RAP 12.8 held that a defendant was not entitled to prejudgment interest as the State had not waived sovereign immunity, and did not rely on the *Restatement of Restitution*. See State v. Turner, 114 Wn. App. 653, 660-61, 59 P.3d 711 (2002).

7

The *Restatement of Restitution* provides, "A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final." RESTATEMENT OF RESTITUTION § 74, at 302-03. The use of "conferred a benefit" and reference to taken property suggests restitution concerns only the property transferred between the parties.

This interpretation of restitution is consistent with its underlying purpose as a remedy for unjust enrichment. See Ehsani, 160 Wn.2d at 594. A party unjustly enriched at the expense of another is required to make restitution. Ehsani, 160 Wn.2d at 594-95 (quoting RESTATEMENT OF RESTITUTION § 1, at 12-13). "RAP 12.8 provides for a refund where a party has satisfied a later reversed judgment." Sloan, 167 Wn. App. at 520. The party is entitled to a refund, but nothing more.

Furthermore, this understanding of restitution in this context comports with due process. When a criminal conviction is overturned by a reviewing court, the State is obliged to refund fees, court costs, and restitution exacted from the defendant as a consequence of that conviction. Nelson v. Colorado, __ U.S. __, 137 S. Ct. 1249, 1252, 197 L. Ed.2d 611 (2017). The State no longer has a legal claim to this property. Nelson, 137 S. Ct. at 1257-58. Restitution is required.

Under this reasoning, Hecht should recover the amount paid in satisfaction of his judgment and sentence. This includes the LFOs, cost of the blood draw, and John School tuition. These payments are the extent of the State's unjust enrichment and should be refunded to Hecht.

8

The trial court awarded repayment of Hecht's LFOs and HIV blood draw, but refused to refund the cost of John School. The trial court found that Hecht had received benefit from John School and reimbursement would amount to unjust enrichment. This was an abuse of discretion. Hecht was entitled to restitution of the money paid in satisfaction of his now vacated judgment and sentence. This includes the cost of the required John School. Therefore, we remand the case to the trial court for an award of an additional $750 to reimburse the John School tuition.

This is the extent of the restitution owed to Hecht under RAP 12.8. He is not entitled to recover his legal fees, compensation for his community service and community supervision, or emotional and physical deterioration. While Hecht may have suffered these losses as consequences of his convictions, they were not paid in satisfaction of his judgment and the State was not unjustly enriched by them. Hecht's entitled restitution is the amount he paid, not the amount he claims to have lost as a result of his convictions.

## Recusal

Hecht argues that Judge Cayce erred when he failed to recuse himself from hearing Hecht's motion on restitution. Specifically, Hecht claims that Judge Cayce believed he was guilty and demonstrated bias and prejudice through his comments at sentencing and the subsequent ex parte order of dismissal without prejudice. The State argues that the record does not support Hecht's claims of bias and prejudice, and notes Judge Cayce's leniency on sentencing. We agree with the State.

9

The trial court is presumed to perform its functions without bias or prejudice. State v. Perala, 132 Wn. App. 98, 111, 130 P.3d 852 (2006). "The party moving for recusal must demonstrate prejudice." Perala, 132 Wn. App. at 111. "Casual and unspecific allegations of judicial bias provide no basis for appellate review." Rich v. Starczewski, 29 Wn. App. 244, 246, 628 P.2d 831 (1981).

"Recusal lies within the discretion of the trial judge, and his or her decision will not be disturbed without a clear showing of an abuse of that discretion." Perala, 132 Wn. App. at 111. A court abuses its discretion when a decision is manifestly unreasonable or made on untenable grounds or for untenable reasons. Perala, 132 Wn. App. at 111.

Here, Hecht's motion on recusal to the trial court included a transcript of his prior sentencing hearing. The transcript does not support Hecht's allegations of Judge Cayce's prejudice or bias. Judge Cayce made critical statements about Hecht's guilt, but acknowledged that Hecht had already suffered greatly and gave him a lenient sentence. Similarly, Hecht's complaints concerning the ex parte dismissal of his case do not provide specific evidence of bias or prejudice. The State notified Hecht's previous counsel of the decision to dismiss the charges and provided her with a motion to dismiss and the proposed order. There is no evidence that Judge Cayce acted improperly in dismissing the charges. Without specific evidence, Hecht cannot demonstrate that Judge Cayce abused his discretion when he denied the motion to recuse.

## Attorney Fees on Appeal

Hecht argues that he should be awarded attorney fees on appeal as part of

his restitution claim under RAP 12.8. As discussed above, RAP 12.8 does not provide restitution beyond return of the money paid in satisfaction of the judgment and sentence. We conclude that Hecht is not entitled to fees on appeal under RAP 12.8.

We affirm in part, and reverse in part, and remand for an award of an additional $750 in restitution for the cost of John School tuition.

Trickey, ACJ

WE CONCUR:

Mann, J.

Spearman, J.

11