

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE __MAY 09 2013__

~~Madsen, C. J.~~

CHIEF JUSTICE

This opinion was filed for record
at _8:00 am_ on _May 9, 2013_

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 85665-6 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| MATTHEW H. RICHARDSON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| MIKE SIEGEL, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed _____ MAY 09 2013 |

C. JOHNSON, J.—This case involves a challenge to a trial court's order denying a motion to unseal records. In 2010, Mike Siegel moved to intervene and to unseal the court file in the criminal case of *State v. Richardson*, King County Superior Court No. 93-1-02331-2. The court file was originally sealed in 2002. The trial court authorized intervention but denied the motion to unseal. Siegel petitioned this court for direct review of the trial court's order denying his motion to unseal. The deputy clerk denied appeal as a matter of right and redesignated the matter as a motion for discretionary review. We granted direct discretionary

review. Siegel argues that (1) the trial court erred in denying his motion to unseal because it failed to perform an *Ishikawa*[1] analysis and failed to comply with GR 15, (2) the denial of his motion to unseal is appealable as of right, and (3) he should be entitled to attorney fees under RAP 18.1. Because the trial court failed to apply *Ishikawa* and GR 15(e)(2), and failed to articulate its reasons for continued sealing on the record, we remand to the trial court to determine if the records should remain sealed under *Ishikawa* and GR 15(e)(2).

FACTS AND PROCEDURAL HISTORY

Mike Siegel's claims arise out of a 1993 criminal case involving the defendant, Matthew H. Richardson. In 2010, the *Seattle Times* reported that Richardson, then a ninth grade teacher and candidate for the state senate, had entered an *Alford*[2] plea to one count of communicating with a minor for immoral purposes in 1993. The article reported that the charges stemmed from allegations of sexual misconduct with two female relatives, ages 8 and 5, when Richardson was 16. According to the article, the allegations were made 10 years after the alleged misconduct took place. It also reported that the trial court imposed a

---

[1] *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982).

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

deferred sentence requiring community service and payment of counseling costs for one of the girls.

In the criminal action, the King County Superior Court granted Richardson's motion to withdraw his guilty plea and dismiss the charges in 1994. In January 2002, the trial court entered an order vacating his record of conviction. Approximately one month later, the trial court granted an order sealing the court file. All of the court records and the court docket were sealed, including the order granting sealing.

In light of the *Seattle Times* article, Siegel filed a motion to intervene and a motion to unseal the file. The trial court granted the motion to intervene but denied the motion to unseal. The trial court's order denying Siegel's motion to unseal states in part, "ORDERED that the Intervenor's Motion to Unseal the court file under the provisions of GR 15, the Washington State Constitution, and applicable case law, is hereby DENIED." Clerk's Papers (CP) at 107.

Siegel petitioned this court for direct review of the trial court's order denying his motion to unseal. The deputy clerk of this court invited comment from the parties on whether the order was appealable as a matter of right. After receiving responses from Siegel and Richardson, the deputy clerk redesignated the matter as

a motion for discretionary review without prejudice to the parties' right to argue

the appealability issue. We granted direct discretionary review.

ISSUES

1. What standard must the trial court apply when considering a motion to unseal court records?

2. Is an order denying an intervenor's motion to unseal records in a criminal case appealable as a matter of right?

3. Is Siegel entitled to attorney fees under RCW 4.84.080 and RAP 18.1?

ANALYSIS

1. Standard for Unsealing Records

Appellate courts review a trial court's decision to seal or unseal records for

abuse of discretion. *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 540, 114 P.3d 1182

(2005). But where the trial court applied an incorrect legal rule, the appellate court

remands to the trial court to apply the correct rule. *State v. Waldon*, 148 Wn. App.

952, 957, 202 P.3d 325 (2009) (citing *Rufer*, 154 Wn.2d at 540).

The parties in this case, Mike Siegel and the State of Washington, agree that

remand is appropriate here.[3] However, the parties and amici disagree over the

---

[3] Richardson requested appointment of counsel at public expense, which was denied. As such, he did not file briefing before us and therefore, did not present any oral argument. Four amici briefs were filed: (1) Washington Coalition for Open Government, (2) Allied Daily Newspapers of Washington and Washington Newspaper Publishers Association, (3) American Civil Liberties Union of Washington, and (4)Washington Defender Association and Washington Association of Criminal Defense Lawyers. The latter two presented oral argument.

correct rules that the trial court should apply on remand. The petitioner, Mike Siegel, seems to suggest that on remand, the trial court should apply the five-factor *Ishikawa* analysis and the current general rule for sealing, GR 15(c). The respondent, State of Washington, seems to agree that the trial court should apply GR 15(c) on remand and reasons that it would be unfair for the trial court to apply the current general rule for unsealing, GR 15(e), given that the file was initially sealed under the old general rule for sealing, former GR 15(c) (2000).[4] Amici American Civil Liberties Union (ACLU) agrees with the parties that this case should be remanded, but ACLU argues that although the case file was sealed under former GR 15(c), the trial court should simply correct any procedural deficiencies in the public record if possible, then apply GR 15(e) normally, with Siegel bearing the burden to show compelling circumstances for unsealing. In contrast, amici Washington Defender Association and Washington Association of Criminal Defense Lawyers (collectively amici Defender Association) seems to argue that the five-factor *Ishikawa* analysis does not apply in the context of a motion to unseal. Amici Defender Association also seems to agree with the amici ACLU that the

---

[4] At the time of the original sealing order in 2002, the general rules allowed records to be sealed when "there are compelling circumstances requiring such action." Former GR 15(c)(1)(B) (2000). Likewise, the general rules at that time allowed records to be unsealed "upon proof of compelling circumstances." Former GR 15(d)(1) (2000). In 2006, GR 15(c) was substantially revised. *See* GR 15(c). However, the current general rule for unsealing records in criminal cases still provides that records should be unsealed "upon proof of compelling circumstances." GR 15(e)(2).

trial court should apply GR 15(e) and that Siegel has the burden under the rule to show proof of compelling circumstances.

In this case, our ability to review the trial court's order denying Siegel's motion to unseal is hampered somewhat by the lack of a record before us. The record does not contain any of the pleadings that Richardson filed in 2002 in support of his motion to seal the file. In addition, we do not have a written record supporting the trial court's order sealing the file, such as findings made by the trial court or factors applied by the trial court in ordering the files sealed.[5] Although the record currently reveals that the victims filed declarations in support of the motion to unseal, their declarations do not provide any indication of the basis supporting the initial order sealing the file. This lack of a record similarly hampers the parties and amici in their ability to craft their arguments on how this particular motion to unseal should be analyzed.

Based on the limited record before us, it appears that the underlying proceeding in this case involves a presumptively open criminal action and

---

[5] The trial court's order in 2002 simply states, "This matter having come on regularly for hearing before the undersigned upon motion of the Respondent pursuant to GR 15, the court having been duly advised by Certification of the pertinent behavior and circumstances of the Respondent subsequent to the within-referenced incident and finding that the statements contained in the Certification are true and correct, and reasonable attempts having been made to notify the victims of the offense of this hearing, now, therefore, it is hereby

"ORDERED that the King County Superior Court Clerk's records and files herein, including those on microfilm, shall be sealed." CP at 90.

disposition. As such, the proper rules that a trial court should apply in deciding a motion to unseal records in a criminal case are the *Ishikawa* factors and GR 15(e)(2).

a. Ishikawa *analysis*

Generally, in deciding a motion to unseal records in a criminal case, the trial court must apply the *Ishikawa* factors to ensure that continued sealing remains justified under current circumstances. Because court records are presumptively open, the burden of persuasion rests on the proponent of continued sealing. In addition, because the presumption that court records are open would be meaningless if court dockets could be sealed without justification, the same constitutional standards apply to the sealing or unsealing of court dockets. Although the *Ishikawa* factors are written from the perspective of a motion to seal, we take this opportunity to clarify how the *Ishikawa* factors should be applied in the context of deciding a motion to unseal.

As we stated in *Ishikawa*, the first factor requires the proponent of sealing to make some showing of the need therefor and to "state the interests or rights which give rise to that need as specifically as possible without endangering those interests." *Ishikawa*, 97 Wn.2d at 37. We also stated that the "quantum of need which would justify restrictions on access differs depending on whether a

defendant's Sixth Amendment right to a fair trial would be threatened." *Ishikawa*, 97 Wn.2d at 37. In the context of unsealing, the proponent of continued sealing must make some showing of the "*ongoing* need therefor." *Ishikawa*, 97 Wn.2d at 42 (emphasis added). Thus, if the initial sealing order was granted to protect a defendant's fair trial rights, a higher threshold will be required to justify *continued* sealing if the defendant's fair trial rights are no longer threatened.

The second *Ishikawa* factor requires that "'[a]nyone present . . . must be given an opportunity to object to the [suggested restriction].'" *Ishikawa*, 97 Wn.2d at 38 (last alteration in original) (quoting *Federated Publ'gs, Inc. v. Kurtz*, 94 Wn.2d 51, 62, 615 P.2d 440 (1980)). In *Ishikawa*, we explained:

> For this opportunity to have meaning, the proponent must have stated the grounds for the motion with reasonable specificity, consistent with the protection of the right sought to be protected. At a minimum, potential objectors should have sufficient information to be able to appreciate the damages which would result from free access to the proceeding and/or records. This knowledge would enable the potential objector to better evaluate whether or not to object and on what grounds to base its opposition.

*Ishikawa*, 97 Wn.2d at 38. In the context of unsealing, this factor requires the trial court to ensure that the proponent of continued sealing discloses the justification for continued sealing with reasonable specificity so the moving party can make informed arguments opposing the sealing. In addition, this factor requires the trial court to ensure that the named parties receive appropriate notice of the motion to

unseal. The trial court may also consider whether any third party interests are implicated in the sealed information and whether or not these interests would be adequately protected by the parties. Interested third parties may be afforded reasonable notice and an opportunity to present argument where appropriate.

The third factor provides that "[t]he court, the proponents and the objectors should carefully analyze whether the requested method for curtailing access would be both the least restrictive means available and effective in protecting the interests threatened." *Ishikawa*, 97 Wn.2d at 38. When analyzing a motion to unseal, this factor requires the trial court to consider whether any less restrictive means to continued sealing are available, such as redaction. The trial court must also analyze whether sealing remains effective in protecting the interests threatened (such as victims or other privacy concerns) under the current circumstances.

The fourth *Ishikawa* factor requires the court to "'weigh the competing interests of the defendant and the public' and consider the alternative methods suggested." *Ishikawa*, 97 Wn.2d at 38 (quoting *Kurtz*, 94 Wn.2d at 64). The court's "consideration of these issues should be articulated in its findings and conclusions, which should be as specific as possible rather than conclusory." *Ishikawa*, 97 Wn.2d at 38 (citation omitted). As in the sealing context, in the context of unsealing this factor requires the trial court to decide whether to keep the records

sealed based on the outcome of an interest balancing test. In doing so, the trial court must articulate its factual findings and conclusions on the record in order to demonstrate that it considered the competing interests at stake and any available alternatives to continued sealing.

Finally, the fifth *Ishikawa* factor provides that the

"order must be no broader in its application or duration than necessary to serve its purpose." If the order involves sealing of records, it shall apply for a specific time period with a burden on the proponent to come before the court at a time specified to justify continued sealing.

*Ishikawa*, 97 Wn.2d at 39 (quoting *Kurtz*, 94 Wn.2d at 64). This factor requires the trial court to consider durational limits on a continued sealing order where appropriate.

We have adopted these factors as a framework, which must be satisfied in order to overcome the constitutional presumption of openness under article I, section 10 of the state constitution to justify sealing court records.

b. *GR 15(e)(2)*

Consistent with the *Ishikawa* analysis, the trial court is also guided by GR 15(e)(2) when deciding a motion to unseal court records in a criminal case. GR 15(e)(2) provides that "[a] sealed court record in a criminal case shall be ordered unsealed only upon proof of compelling circumstances." The State, amici ACLU,

10

and amici Defender Association argue that this rule places the burden on the person seeking to unseal the file to show "compelling circumstances" for unsealing. Amici Daily Newspapers of Washington and Washington Newspaper Publishers Association argue that placing the burden on the public to show the need for openness in an unsealing action would erase the *presumption* of openness required by article I, section 10. *See Ishikawa*, 97 Wn.2d at 37-38 ("Because courts are presumptively open, the burden of justification should rest on the parties seeking to infringe the public's right.").

The rule must be read and applied consistent with the constitutional principles of openness. We find that GR 15(e) can be harmonized under these principles by equating the rule with the five-factor *Ishikawa* analysis. This makes sense because the *Ishikawa* analysis similarly requires proof that compelling circumstances exist in order to justify continued sealing. As such, we reject the argument that the proponent of unsealing must overcome a presumption of *continued sealing* and show that "compelling circumstances" for unsealing exist. Instead, we hold that "compelling circumstances" for unsealing exist when the proponent of continued sealing fails to overcome the presumption of *openness* under the five-factor *Ishikawa* analysis. In either case, the trial court must apply the factors and enter findings supporting the decision.

In this case, based on the limited record before us, the decision to unseal the file would seem straightforward, in fact, the file was unsealed from 1993 until 2002. The underlying proceeding involves a presumptively open criminal action and disposition. The privacy interests of the victims might be implicated but the victims have evidently expressed support for unsealing. However, since the record before us lacks any findings of fact by the trial court or the factors applied by the trial court, a new hearing is appropriate. Accordingly, we remand this case to the trial court to conduct a new hearing to determine if continued sealing remains justified under *Ishikawa* and GR 15(e)(2).

2. Appealability

Siegel also asks us to decide that, as an intervenor in a criminal case, he has a right to appeal the trial court's order as a matter of right under RAP 2.2(a)(1) because a sealing or unsealing order is a "final judgment." RAP 2.2(a)(1) permits an appeal as a matter of right from the "final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." CrR 7.3, which pertains to the judgment in a criminal case, states in pertinent part, "[i]f the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly." Under this rule, judgment in this case was entered in 1994 when the

trial court ordered that the plea of guilty previously entered be withdrawn and the charges be dismissed with prejudice. Thus, Siegel's appeal does arise from the criminal proceeding, as such, but a decision on unsealing records is not the same as the "final judgment" entered in the criminal proceeding.

Siegel also argues that he has a right to appeal the trial court's order as a matter of right under RAP 2.2(a)(3) as a "decision determining action." RAP 2.2(a)(3) provides that a "decision determining action" is "[a]ny written decision affecting a substantial right in a *civil case* that in effect determines the action and prevents a final judgment or discontinues the action." (Emphasis added.) Because this rule by its text applies only to a written decision in a *civil case*, the rule is inapplicable here since the trial court's order is a written decision in a *criminal case*. Therefore, Siegel fails to show that he is entitled to appeal as a matter of right under RAP 2.2(a)(3).

Although the preceding analysis applies in cases where a criminal action is still pending, in cases where the underlying criminal action has concluded, different rules apply. Specifically, RAP 2.2(a)(13) permits an appeal as a matter of right from "[a]ny final order made *after judgment* that affects a substantial right." RAP 2.2(a)(13) (emphasis added). For the rule to apply, the order must affect a substantial right "other than those adjudicated by the earlier final judgment." *State*

*v. Campbell*, 112 Wn.2d 186, 190, 770 P.2d 620 (1989) (citing *Seattle-First Nat'l Bank v. Marshall*, 16 Wn. App. 503, 508, 557 P.2d 352 (1976)). Here, the trial court entered an order denying Siegel's motion to unseal in 2010, six years after final judgment in the underlying criminal action was entered. The right affected was not adjudicated by the underlying criminal action, and the order affected a substantial right, namely, the right of public access to court records.

Moreover, limiting intervenors to discretionary review after their motions to unseal are denied would diminish their right to the open administration of justice enshrined in our constitution. CONST. art. I, § 10. We have recognized that discretionary review is seldom granted. *See In re Dependency of Grove*, 127 Wn.2d 221, 235-36, 897 P.2d 1252 (1995) (noting that fewer than 10 percent of motions for discretionary review filed in the Court of Appeals were granted). Because discretionary review would limit the rights of third party intervenors seeking court records, the trial courts considering motions to unseal would often become the ultimate arbiters on these significant constitutional interests. This might encourage parties to circumvent the intervention procedure we outlined in *Yakima County v. Yakima Herald-Republic*, 170 Wn.2d 775, 783, 246 P.3d 768 (2011), by filing independent actions for the unsealing of records, thereby obtaining final judgments that are appealable. Worse yet, parties unable to obtain

14

discretionary review might be tempted to revert to the extraordinary writ system that discretionary review was designed to supplant. *See* 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.3 task force cmt. at 201 (7th ed. 2011 & Supp. 2012) ("The various extraordinary writs are consolidated into a single action called discretionary review."). Discretionary review is simply too limited to protect the constitutional interests of intervening parties asserting a right of access to court records.

Accordingly, we hold that an intervenor seeking to unseal criminal records has a right to appeal as a matter of right under RAP 2.2(a)(13), where the order denying unsealing is entered *after* final judgment in the underlying criminal proceeding and the right affected was not previously adjudicated.

3. Attorney Fees

Siegel seeks attorney fees under RCW 4.84.080 and RAP 18.1. We have held that RAP 18.1(b) requires "[a]rgument and citation to authority" as necessary to inform the court of grounds for an award, not merely "a bald request for attorney fees." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998). Here, Siegel cites RCW 4.84.080 in support of an award for attorney fees. However, because that statute deals with the $200 "costs to be called the attorney fee," it does not provide a statutory basis for attorney fees under RAP

No. 85665-6

18.1. Because Siegel fails to cite to any other authority in support of his request, we deny Siegel's attorney fees request.[6]

CONCLUSION

We reverse the order denying the motion to unseal and remand to the trial court for further proceedings consistent with this opinion.

---

[6] Siegel does not indicate who would pay fees if fees were authorized. In this case, since Richardson did not participate, no basis exists to assess fees against him.

No. 85665-6

WE CONCUR:

No. 85665-6

GONZÁLEZ, J. (concurring)—The majority has made an earnest attempt to meld the test laid down for sealing court records in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982) with the GR 15(e) process for unsealing sealed court records into a 6 part (or possibly 11, including subsections and unincorporated portions of GR 15(e)) analytical framework. But *Ishikawa* concerned whether a pending criminal court proceeding or record should be sealed. 97 Wn.2d at 32. It is ill suited for deciding whether a court record or docket should be unsealed. The test the court announces today will confound both the parties seeking to open or protect sealed records and the trial bench. While I agree that remand is appropriate, I simply cannot agree that the constitutional injunction that "[j]ustice in all cases shall be administered openly" means that we must ignore the age-old legal principle that the party seeking judicial relief bears the burden of showing that the relief is appropriate. CONST. art. I, § 10. Nor do I agree that we should set aside another age-old principle: that a party collaterally attacking a court judgment bears the burden of showing either error or changed circumstances.

I would instead adopt a two step process, governed by the general procedures set forth in GR 15(e).[1] First, I would place on the person attacking the sealing order

---

[1] Most relevantly, our rules require:

**Grounds and Procedure for Requesting the Unsealing of Sealed Records.**
(1) Sealed court records may be examined by the public only after the court records have been ordered unsealed pursuant to this section or after entry of a court order allowing access to a sealed court record.

the burden of showing either that the order was improper when it was entered (under article I, section 10, GR 15, or our open courts case law) or that there has been a material change in circumstances that could justify modification of the order. I would allow, though not require, trial judges to make this decision in a preliminary procedure. If the trial judge concludes the sealing was improper initially, then the proponent of maintaining the seal would bear the burden of showing that it was appropriate under our constitution, rules, and case law. If the proponent of unsealing demonstrates that there has been a material change in circumstances that could justify unsealing, then that proponent would also bear the burden of showing that unsealing is appropriate. In either case, a record or docket could be sealed only upon a showing that the sealing was proper under both GR 15 and article I, section 10, either initially in a proper order sealing the record or in response to a motion to unseal. In either case, the notice and comment provisions for GR 15 would remain in force.

This two part approach is consistent with the principle that a settled court judgment is worthy of respect. *State v. Sisouvanh,* 175 Wn.2d 607, 619, 290 P.3d 942 (2012) (quoting *State v. Wade,* 138 Wn.2d 460, 464, 979 P.2d 850 (1999)). Further, a party seeking to bring what is, in essence, a collateral attack on a settled court judgment should bear the burden of showing it is appropriate to disturb that judgment. *Id.; see also In re Coats,* 173 Wn.2d 132, 131, 267 P.3d 324 (2011) (citing *In re Pers.*

---

> (2) Criminal Cases. A sealed court record in a criminal case shall be ordered unsealed only upon proof of compelling circumstances, unless otherwise provided by statute, and only upon motion and written notice to the persons entitled to notice . . . .

GR 15(e).

2

*Restraint of Cook*, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990)). Putting at least the initial burden on the person attacking the order is also consistent with GR 15(e)(2), which requires "proof of compelling circumstances" before a sealed criminal record can be unsealed.

*Ishikawa* is an important decision, but the rule it announced was designed for courts facing a motion to seal in a pending criminal case. *Ishikawa*, 97 Wn.2d at 32. It was designed to give those trial courts a reasoned way to balance the constitutional issues at stake during trial. *Id.* at 32, 37-39. It is certainly relevant to whether a trial court entered a proper order sealing a record. I do not find it helpful for deciding a motion to unseal, except in a very generalized way.

I do not agree with the majority that third party interveners are entitled to review as of right to a judge's decision on motions to seal or unseal. An order sealing or unsealing a record is not a "final judgment" under RAP 2.2(a)(1) or a "decision determining action" under RAP 2.2(a)(3). Thus only discretionary review is available under RAP 2.3. I do agree that the petitioner has shown no basis for an award of attorney fees.

The orders sealing the record[2] and docket in this case plainly do not comply with article I, section 10 or the *Ishikawa* standards. *See* Clerk's Papers at 90, 92.

---

[2] The trial court's order states:

> THIS MATTER having come on regularly for hearing before the undersigned upon motion of the Respondent pursuant to GR 15, the court having been duly advised by Certification of the pertinent behavior and circumstances of the Respondent subsequent to the within-referenced incident and finding that the statements contained in the Certification are true and correct, and reasonable attempts having been made to notify the victims of the offense of this hearing, now, therefore, it is hereby

Neither shows the court weighed the important constitutional considerations at stake. Given that, and given the fact that the parties have not had an opportunity to brief the motion to unseal under the appropriate standard, I agree with the majority that remand is appropriate.

I respectfully concur in result.

---

ORDERED that the King County Superior Court Clerk's records and files herein, including those on microfilm, shall be sealed.

Clerk's Papers at 90.

4

Gonzáles, J.

Madsen, C.J.

Fairhurst, J.