# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72020-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARLOW TODD EGGUM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 3, 2016 |
| | ) | |

VERELLEN, C.J. — Marlow Eggum has been the subject of several criminal proceedings, convictions, and appeals. He has also been a party to a dissolution action. Related to those actions, Eggum has litigated, on several occasions and in different forums, a right to certain videotapes portraying his former wife seized by the State. This past litigation includes a motion to show cause regarding the videotapes in federal district court, as well as a Whatcom County Superior Court order by Judge Mura reserving ruling upon the distribution of the videotapes "until a civil action is filed and all interested parties have an opportunity to be heard."[1]

Here, Eggum appeals an August 28, 2015 superior court order entered in a criminal proceeding denying Eggum's post-trial motion for show cause to find the State and Whatcom County Sheriff's Office in contempt for allegedly destroying the

---

[1] Clerk's Papers (CP) at 791.

videotapes.[2] The August 28, 2015 order expressly provides that "there is no basis to determine that contempt has occurred."[3] The order refers to "Judge Mura's several orders regarding [the] return of the property" containing a condition precedent—the filing of a civil lawsuit to address the ownership of the videotapes, the federal district court's dismissal of Eggum's lawsuit regarding the videotapes, and the issue of ownership of the videotapes having yet to be resolved by the filing of a civil lawsuit.[4]

Eggum asserts that while there is an existing order expressly prohibiting the distribution of the videotapes until a civil action is filed, he is in possession of e-mails between the attorney general and a Whatcom County sheriff's deputy questioning their authorization to destroy the videotapes. Eggum alleges that the State and Whatcom County Sheriff's Office have since destroyed the videotapes. He contends that, absent a specific order expressly authorizing the State or Whatcom County Sheriff's Office to release or destroy the videotapes, the trial court was compelled to find the State and Whatcom County Sheriff's Office in contempt. But Eggum does not establish that the denial of a motion to show cause for order of contempt in this setting is appealable as a matter of right.[5]

---

[2] CP at 1119.

[3] CP at 1119.

[4] CP at 1119.

[5] A commissioner from this court referred the appealability of the August 28, 2015 order denying Eggum's motion to show cause to a panel of judges and directed Eggum to brief any argument in support of the order's appealability as a matter of right under RAP 2.2(a) or as a matter of discretionary review under RAP 2.3(b).

In his opening brief, Eggum argues the trial court's August 28, 2015 "ruling attempts to determine an action and/or discontinue further contempt proceedings" and therefore, "is reviewable under RAP Rule 2.2(a)(3)."[6] RAP 2.2(a)(3) permits an appeal as a matter of right from "[a]ny written decision affecting a substantial right in a *civil case* that in effect determines the action and prevents a final judgment or discontinues the action."[7] Because "this rule by its text applies only to a written decision in a *civil case*," the rule is inapplicable here since the trial court's order is a written decision in a *criminal case*.[8] Therefore, Eggum fails to show he is entitled to appeal as a matter of right under RAP 2.2(a)(3).

For the first time in his reply brief, Eggum argues he is entitled to appeal the denial of his motion to show cause as a matter of right under RAP 2.2(a)(13).[9] We note that an "issue raised and argued for the first time in a reply brief is too late to warrant consideration."[10] Nevertheless, RAP 2.2(a)(13) permits a party to appeal a trial court's "final order made after judgment that affects a substantial right." Eggum asserts that the "willful violation of multiple court orders prohibiting the destruction of this property constitutes a violation of the appellant's due process rights."[11]

---

[6] Appellant's Br. at 27.

[7] (Emphasis added.)

[8] State v. Richardson, 177 Wn.2d 351, 364, 302 P.3d 156 (2013).

[9] We have considered Eggum's reply brief filed September 12, 2016. To the extent Eggum seeks any further extension, we deny his motion.

[10] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[11] Reply Br. at 16.

3

But the interplay between Judge Mura's existing order reserving the distribution of the videotapes pending the filing of a civil action does not establish on this limited record that the attorney general and sheriff's office were required to obtain another court order before they took other actions regarding the property. Here, the trial court denied Eggum's motion to show cause for order of contempt because Eggum had not met his burden of filing a civil lawsuit to adjudicate the rights to the videotapes. Therefore, in this setting, Eggum does not establish that the August 28, 2015 order denying his motion to show cause was a final order affecting a substantial right.

Eggum also makes no showing of obvious or probable error, or a showing that the trial court "departed from the accepted and usual course of judicial proceedings" that would merit discretionary review under RAP 2.3(b).[12]

Further, Eggum's briefing fails to refer to the record on appeal. An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[13] The rules of appellate procedure additionally require that "[r]eference to the record must be included for each factual statement."[14] Arguments unsupported by reference to the record or citation to authority will not be considered.[15]

---

[12] RAP 2.3(b)(1), (2), (3).

[13] RAP 10.3(a)(6).

[14] RAP 10.3(a)(5).

[15] Cowiche, 118 Wn.2d at 809.

4

Eggum cites to exhibits which are attached as appendices to his brief. But some of those exhibits were not designated to this court as part of the record on appeal. Under RAP 10.3(a)(8), "[a]n appendix may not include materials not contained in the record on review without permission from the appellate court." Since Eggum has not obtained the requisite permission, these documents are not considered.

Accordingly, we affirm.

WE CONCUR: