IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>         v.<br><br>ANDRE FRANKLIN JR,<br><br>               Appellant. | No. 80345-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — In 2016, the State charged Andre Franklin Jr., then 16-years-old, as an adult with robbery in the first degree and possession of a stolen vehicle in King County Superior Court. The matters were eventually resolved in juvenile court and those juvenile records were later sealed. Franklin unsuccessfully moved to seal the records of the adult charges he received as a juvenile and now appeals. After filing his notice of appeal, Franklin was charged with three new serious violent felonies and his juvenile records of the 2016 incident are no longer sealed. The State argues his appeal is moot because this court can no longer provide effective relief. We agree and dismiss.

FACTS

On January 10, 2016, then 16-year-old Franklin and three of his friends took Uber driver Joseph N. Atak's Dodge Stratus at gunpoint. Under Washington's auto-decline laws, the State charged Franklin as an adult for the

Citations and pin cites are based on the Westlaw online version of the cited material.

crime of robbery in the first degree and possession of a stolen vehicle. After plea negotiations, the superior court dismissed the case and the State refiled the matters in juvenile court where Franklin pleaded guilty to attempted robbery in the second degree and unlawful possession of a firearm in the second degree.

In September 2018, Franklin successfully moved to seal his juvenile court records under RCW 13.50.260. In April 2019, Franklin moved to seal the superior court records of the adult charges filed for the same matters. The State did not object to the motion but requested a hearing for the superior court to weigh the five factors articulated in Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 640 P.2d 716 (1982) and GR 15. During the hearing, the superior court reminded the parties that Washington State Constitution article I, section 10 establishes a presumption of openness and Washington courts disfavor sealing court records. The superior court considered the Ishikawa factors and denied Franklin's motion to seal.

Franklin appeals arguing state constitution article I, section 10's presumption of openness, and thus, the Ishikawa factors, does not apply to superior court records of adult charges for matters involving juveniles when those matters were ultimately resolved and sealed in juvenile court. In the alternative, Franklin argues that the superior court's "application of each of [the Ishikawa] factors was flawed because at no time did the court give any weight to the fact that Mr. Franklin's offense was committed when he was a child, adjudicated and sealed in juvenile court, and that he had a significant interest in privacy and rehabilitation."

2

Four months after Franklin filed his notice of appeal, Franklin allegedly committed robbery in the second degree and two counts of robbery in the first degree. The State filed charges in March 2020. The State obtained a court order confirming the nullification of the motion to seal Franklin's juvenile court records under RCW 13.50.260(8)(b).[1]

DISCUSSION

We review a superior court's decision to seal or nullify a previous order to seal records for abuse of discretion. State v. Richardson, 177 Wn.2d 351, 357, 302 P.3d 156 (2013).

Article I, section 10 of the state constitution provides, "Justice in all cases shall be administered openly, and without unnecessary delay." We commonly refer to this section as establishing a constitutional presumption of openness. We apply this presumption to keep court records open to review by the general public. To determine whether the moving party has overcome the presumption and is entitled to seal their court records—thereby restricting public access to the records—a superior court will apply the following five Ishikawa factors:

> 1. The proponent of closure [and/]or sealing must make some showing of the need for doing so, and where that need is based on a right other than an accused's right to a fair trial, the proponent must show a 'serious and imminent threat' to that right.

---

[1] The State filed a motion to designate records of Franklin's subsequent felony charges and the order nullifying the previous order sealing his juvenile court records. A commissioner of this court granted the State's motion. Franklin requests this court strike reference to those documents. We deny that request because the records are the basis of the State's mootness argument and Franklin was given an opportunity to brief that issue. RCW 13.50.260(8)(b) states that "[a]ny charging of an adult felony subsequent to the sealing [of the juvenile records] as the effect of nullifying the sealing order."

2. Anyone present when the closure [and/or sealing] motion is made must be given an opportunity to object to the closure.

3. The proposed method for curtailing open access must be the least restrictive means available for protecting the threatened interests.

4. The court must weigh the competing interests of the proponent of closure and the public.

5. The order must be no broader in its application or duration than necessary to serve its purpose.

State v. Parvin, 184 Wn.2d 741, 765-66, 364 P.3d 94 (2015) (alteration in original) (quoting Allied Daily Newspapers of Washington v. Eikenberry, 121 Wn.2d 205, 210-11, 848 P.2d 1258 (1993) (citing Ishikawa, 97 Wn.2d at 36-39)).

Our legislature treats juvenile court records "as different from adult criminal court records and [juvenile court records] have been subject to legislation providing increased confidentiality for them." State v. S.J.C., 183 Wn.2d 408, 430, 352 P.3d 749 (2015); See RCW 13.50.260, RCW 13.50.250.

As the Supreme Court explained:

[W]e have always recognized that the legislature is in the unique and best position to publicly weigh the competing policy interests raised in the juvenile court setting, particularly as it pertains to the openness of juvenile court records. As discussed above, from the time of this state's first juvenile court legislation, statutes have consistently provided for distinctive treatment and enhanced confidentiality of juvenile court records. Our own precedent holds a presumption of openness is not constitutionally required because of the fundamental differences between a juvenile offender proceeding, which seeks to rehabilitate the juvenile, and an adult criminal proceeding, which seeks to deter and punish criminal behavior.

S.J.C., 183 Wn. 2d at 422.

4

*Waiver*

Franklin argues the presumption of openness does not apply to court records involving a juvenile charged as an adult and ultimately convicted in juvenile court.  The State argues that because Franklin did not raise this argument below, Franklin waived this argument and we should deny consideration.  Franklin does not deny he failed to make this argument before the superior court but argues he raises a manifest constitutional error that is reviewable for the first time on appeal under RAP 2.5(a)(3).

Generally, we will not consider issues raised for the first time on appeal. State v. A.M., 194 Wn.2d 33, 38, 448 P.3d 35 (2019).  We recognize an exception to that rule where the appellant raises a "manifest error affecting a constitutional right" for the first time on appeal.  RAP 2.5(a)(3).  To establish a manifest error affecting a constitutional right, the appellant must identify a constitutional error and show how the error likely prejudiced their rights at trial. State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007).  "It is this showing of actual prejudice that makes the error 'manifest,' allowing appellate review."  Id. at 927 (citing State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995)).  "Thus, a court previews the merits of the constitutional argument first raised on appeal to determine if it is likely to succeed."  State v. Reeder, 181 Wn. App. 897, 912, 330 P.3d 786 (2014).

Franklin has not raised a manifest constitutional error for two reasons. First, Franklin does not have a constitutional right to seal his records.  In fact, the state constitution article I, section 10 does the opposite, and the proponent of

5

sealing has the burden of overcoming the presumption of openness through the Ishikawa analysis. 97 Wn.2d at 37-38. Second, the basis to seal juvenile court records is statutory, not constitutional. Thus, Franklin waived this argument.

*Mootness*

In the alternative, Franklin argues that the superior court abused its discretion because its application of the Ishikawa factors was flawed "because at no time did the court give any weight to the fact that Mr. Franklin's offense was committed when he was a child, adjudicated and sealed in juvenile court, and that he had a significant interest in privacy and rehabilitation." The crux of Franklin's argument during the motion to seal was that Franklin's "juvenile court record has now been sealed." As Franklin's counsel articulated,

> So I'd argue that not only the fact that he was 16 years old when this happened but the fact that it's already been sealed by another department of the superior court. Both of those weigh towards defeating the presumption of not sealing.

The State contends Franklin's argument became moot when the superior court nullified the previous order sealing Franklin's juvenile court records after the State charged Franklin as an adult with new felonies.

Generally, we do not consider moot issues. State v. T.J.S.-M., 193 Wn.2d 450, 454, 441 P.3d 1181 (2019). "A case is moot if we can no longer provide effective relief on appeal." Id. at 454.

Franklin argues that this court could still provide effective relief because the adult charges Franklin received as a juvenile would be removed from public view regardless of what happens in the future with his juvenile court file. We

6

disagree. We can no longer provide effective relief because the juvenile court records related to the same adult charges filed in superior court are no longer sealed. As the State and lower court noted, even if the records of the adult charges Franklin received as a juvenile were to be sealed, the existence of a court file sealed in its entirety is available for viewing by the public on court indices, which includes the case number, names of parties, case type, and charges in criminal cases. GR 15(c)(4).

Franklin argues that even if this issue is technically moot, we should review it because it "involves 'matters of continuing and substantial public interest.'" State v. B.O.J., 194 Wn.2d 314, 321, 449 P.3d 1006 (2019) (citations omitted). We consider three criteria in determining whether "a sufficient public interest is involved: (1) the public or private nature of the question presented; (2) the desirability of an authoritative determination which will provide future guidance to public officers; and (3) the likelihood that the question will recur." Id. at 321. "The continuing and substantial public interest exception has been used in cases dealing with constitutional interpretation, the validity of statutes or regulations, and matters that are sufficiently important to the appellate court. This exception is not used in cases that are limited to their specific facts." State v. Beaver, 184 Wn. 2d 321, 331, 358 P.3d 385, 390 (2015). In considering mootness, appellate courts also "consider the likelihood that the issue will never be decided by a court due to the short-lived nature of the case." B.O.J., 194 Wn. 2d at 321 (quoting Philadelphia II v. Gregoire, 128 Wn.2d 707, 712, 911 P.2d 389 (1996)).

Franklin argues that even if his appeal to seal is moot, his case "raises a constitutional question about the presumption of open courts in relation to adult records created for juvenile offenders." Despite Franklin's attempt to frame the issue as a constitutional question, Franklin is actually asserting the statutory right to sealing juvenile court records extends to the records of his charges filed in adult court when he was a juvenile. That is not a constitutional right.

Also, Franklin has not persuaded us that individuals who have had their juvenile records sealed will not be able to seal related records of their adult charges in superior court as long as they satisfy the Ishikawa factors.[2] This also is not a circumstance where the short-lived nature of the case would prevent it from being decided by a court. Franklin's argument that we should disregard the mootness of this case because the issue concerns matters of continuing and substantial public interest is unpersuasive.

We dismiss the appeal as moot.

_Cohen, J._

WE CONCUR:

_Bowman, J._       _Chun, J._

---

[2] As the lower court found, "Franklin asserts in his unsworn Brief that '[h]aving applied for numerous positions at various companies, [Franklin] has not been successful in gaining employment.' Yet at the June 26 hearing, Franklin said that he has obtained 'temp service jobs.' " The first Ishikawa factor requires the proponent of sealing to make some showing of the need for doing so, and where that need is based on a right, the proponent must show a 'serious and imminent threat' to that right. Ishikawa, 97 Wn.2d at 36-38.