IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83793-1-I |
| Appellant, | DIVISION ONE |
| v. | |
| J.M.L., JR., | UNPUBLISHED OPINION |
| Respondent. | |

BOWMAN, J. — J.M.L. Jr. pleaded guilty to one count of malicious mischief in the second degree. As part of his disposition, the court ordered that he pay restitution and set a date to administratively seal his adjudication. J.M.L. did not pay the restitution in full. Still, the court sealed J.M.L.'s record over the State's objection. The State appeals, arguing the juvenile court did not have the statutory authority to seal J.M.L.'s record before he paid restitution in full. J.M.L. argues the State cannot appeal an order sealing a juvenile record. We grant review under RAP 2.3(b)(3). And we reverse and remand for the trial court to vacate the order sealing J.M.L.'s juvenile record.

FACTS

J.M.L. pleaded guilty to one count of malicious mischief in the second degree in Skagit County Juvenile Court. In his plea agreement, J.M.L. agreed to pay restitution. At sentencing on September 5, 2019, the court imposed conditions of supervision and ordered restitution in the amount of $1,233.17. The court set a hearing date to administratively seal J.M.L.'s juvenile court record for

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

"February 2022."

At the hearing, the prosecutor argued that J.M.L. still owed $613.17 in restitution, so he was not statutorily eligible for sealing. The court said it would "seal this [case] despite the [S]tate's proposal." So, for "purposes of the record," the prosecutor read to the court RCW 13.50.260(1)(d) and reasserted that "[b]ased upon the statute," because "respondent has not paid the full amount of restitution . . . , he is statutorily ineligible" for sealing.

The court ruled, "I'm going to seal it. In my discretion, I don't believe that the only reason we should not seal it, in this case, is that he's only paid 50 percent of the restitution." The court entered an order sealing J.M.L.'s juvenile record, finding that he is eligible for sealing because he "paid in full the amount of restitution owing," but also finding that "the remaining amount of restitution . . . is $613.17."

The State appealed under RAP 2.2(b)(1), arguing it may appeal "[a] decision that in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty." J.M.L. moved to dismiss the appeal, arguing that RAP 2.2(b) does not authorize the State to appeal the juvenile court's order to seal a respondent's record. A commissioner of this court denied the motion to dismiss. She entered a notation ruling requesting the State file "an amended brief addressing appealability and, in the alternative, grounds for discretionary review." The commissioner referred the matter "to a panel of judges for consideration."[1]

---

[1] The State filed an amended brief to include the same appealability arguments as in their answer to J.M.L.'s motion to dismiss.

ANALYSIS

J.M.L. maintains that a "juvenile court order to seal records is not appealable as a matter of right." The State disagrees. Alternatively, the State asks that we treat their notice of appeal as a motion for discretionary review.

Appeal as a Matter of Right

The State argues that it has a right to appeal the order sealing J.M.L.'s record as a final decision that abates or discontinues the case under RAP 2.2(b)(1). We disagree.

RAP 2.2(b) specifically applies to an "Appeal by State or a Local Government in Criminal Case." Under RAP 2.2(b)(1), the State may appeal in a criminal case from a final decision. A "final decision" is

> [a] decision that in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information, or a decision granting a motion to dismiss under CrR 8.3(c).

"RAP 2.2(b)(1) broadly permits the State to appeal superior court decisions resolving the disposition of a case." State v. Tracer, 173 Wn.2d 708, 715, 272 P.3d 199 (2012).

The State argues that the juvenile court sealing order abates or discontinues this case because "it effectively ends the ability of victims and the court to collect restitution" and "discontinues any other pending issues that may arise before the court in the same matter." But under RCW 13.50.260(10), "[c]ounty clerks may interact or correspond with the respondent . . . [and] restitution recipients . . . for the purposes of collecting an outstanding legal

3

financial obligation after juvenile court records have been sealed."[2]  And the judgment ordering restitution remains enforceable for 10 years.  RCW 13.40.192(1).  Contrary to the State's suggestion, an order sealing juvenile records does not end the ability of victims and the court to collect restitution.  So, the order does not effectively abate or discontinue a case under RAP 2.2(b)(1).

Citing State v. Richardson, 177 Wn.2d 351, 302 P.3d 156 (2013), the State argues that our Supreme Court has already determined that the sealing or unsealing of juvenile records is appealable as a matter of right.  But Richardson is not on point.  In that case, a third-party intervenor moved to unseal a criminal record.  Id. at 356-57.  The trial court denied the motion and the intervenor appealed, petitioning for direct review of the decision.  Id. at 357.  Our Supreme Court held that "an intervenor seeking to unseal criminal records has a right to appeal as a matter of right under RAP 2.2(a)(13)."  Id. at 365.  But RAP 2.2(a)(13) allows a party—other than the state or a local government—to appeal an order that affects a substantial right not adjudicated by the underlying action. Id. at 364-65.  That rule does not apply here.

Discretionary Review

The State argues that if we conclude it cannot appeal as a matter of right, we should treat its notice of appeal as a motion for discretionary review and grant

---

[2] At oral argument, the State suggested that county clerk's offices cannot access a sealed juvenile record, despite the language in RCW 13.50.260(10).  But the State provides no authority to support their argument.  " 'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.' "  City of Seattle v. Levesque, 12 Wn. App. 2d 687, 697, 460 P.3d 205 (2020) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

review under RAP 2.3(b)(3)[3] because the juvenile court "so far departed from the accepted and usual course of judicial proceedings" as to call for review. We agree.

We consider an incorrectly designated notice of appeal as a motion for discretionary review. RAP 5.1(c). We will grant a motion for discretionary review under limited circumstances, including when "[t]he superior court has so far departed from the accepted and usual course of judicial proceedings . . . as to call for review by the appellate court." RAP 2.3(b)(3). Discretionary review under RAP 2.3(b)(3) is appropriate when the trial court ignores "unambiguous language in the statutory scheme." See In re Marriage of Folise, 113 Wn. App. 609, 613, 54 P.3d 222 (2002) (granting discretionary review under RAP 2.3(b)(3) because trial court "ignor[ed] unambiguous language in the statutory scheme and case law" when issuing a protective order); Young v. Key Pharms., Inc., 63 Wn. App. 427, 431, 819 P.2d 814 (1991) (granting discretionary review under RAP 2.3(b)(3) of a trial court's decision not to permit testimony under ER 804(b)(1)).

Here, the State alleges the trial court ignored RCW 13.50.260 when it sealed J.M.L.'s juvenile record. RCW 13.50.260(1)(d) provides:

> At the time of the scheduled administrative sealing hearing, the court shall enter a written order sealing the respondent's juvenile court record pursuant to this subsection if the court finds by a preponderance of the evidence that the respondent is no longer on supervision for the case being considered for sealing and has paid

---

[3] We note that throughout their brief, the State refers to RAP 2.3(d)(4). But that rule applies to only courts of limited jurisdiction. The juvenile court is a department of the superior court, not a court of limited jurisdiction. See Dillenburg v. Maxwell, 70 Wn.2d 331, 352, 422 P.2d 783 (1967). RAP 2.3(b)(3) applies here.

the full amount of restitution owing to the individual victim named in the restitution order.[4]

But if the juvenile court finds that the respondent "has not paid the full amount of restitution owing," the court "shall deny sealing the juvenile court record." RCW 13.50.260(1)(f)(i). And the court's written order must specify the amount of restitution that remains unpaid and give the respondent directions on how to seal their record after paying restitution in full. RCW 13.50.260(1)(f)(i).

Reading RCW 13.50.260(1)(d) and (1)(f)(i) together, a juvenile court has the authority to seal a juvenile court record only when the respondent completes supervision and pays restitution in full. The trial court's conclusion that it had discretion to do otherwise goes against the statutory scheme and warrants review under RAP 2.3(b)(3).

Order Sealing Juvenile Record

The State argues that the trial court erred by sealing J.M.L.'s record because RCW 13.50.260(1)(f)(i) "is unambiguous: if a respondent owes restitution and it is not owed to any public or private entity providing insurance or health care coverage, the specific case cannot be sealed." We agree.

We review a trial court's decision to seal records for abuse of discretion. State v. H.Z.-B., 1 Wn. App. 2d 364, 366, 405 P.3d 1022 (2017). But we interpret statutes de novo. Id. When interpreting a statute, we first look to its plain language to determine the legislature's intent. Id. We assume the legislature meant exactly what it said and apply the statute as written. HomeStreet, Inc. v.

---

[4] The statute excludes restitution to "any public or private entity providing insurance coverage or health care coverage." J.M.L. does not argue the exclusion applies.

Dep't of Revenue, 166 Wn.2d 444, 452, 210 P.3d 297 (2009). "A statute that is clear on its face is not subject to judicial construction." State v. J.M., 144 Wn.2d 472, 480, 28 P.3d 720 (2001); see also State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007) ("If the plain language of the statute is unambiguous, then [our] inquiry is at an end.").

As discussed above, RCW 13.50.260(1)(f)(i) states that the court "shall deny sealing the juvenile court record" if the respondent has not paid restitution in full. "Use of the word 'shall' emphasizes the mandatory nature of the statutory requirements that must be met to obtain an order sealing juvenile offender records." State v. Hamedian, 188 Wn. App. 560, 566, 354 P.3d 937 (2015).[5] Here, J.M.L. still owed $613.17 in restitution.[6] There is no dispute that J.M.L. has not paid restitution in full. Still, the court sealed his record because "[i]n my discretion, I don't believe that the only reason we should not seal it . . . is that he's only paid 50 percent of the restitution." But the statute gives the court no discretion to seal a juvenile record if the respondent has not paid restitution in full. The trial court erred by sealing J.M.L.'s juvenile record.

J.M.L. argues that the State invited the court's error by citing the language in RCW 13.50.260(1)(d) without also citing (1)(f)(i). We disagree.

The invited error doctrine prohibits a party from setting up an error at trial and then challenging that error on appeal. In re Pers. Restraint of Coggin, 182

---

[5] The legislature codified RCW 13.50.260 in 2014. LAWS OF 2014, ch. 175, § 4. Hamedian interprets former RCW 13.50.050(12)(b)(v) (2012). Former RCW 13.50.050(12)(b)(v) also provided that the juvenile court "shall not grant any motion to seal records . . . unless . . . [f]ull restitution has been paid."

[6] J.M.L.'s corespondent paid the other $620 of restitution, a joint and several legal financial obligation.

Wn.2d 115, 119, 340 P.3d 810 (2014). To determine whether the State invited error, we consider whether it affirmatively assented to the error, materially contributed to it, or benefited from it. Id. The party inviting error must do so knowingly and voluntarily. State v. Mercado, 181 Wn. App. 624, 630, 326 P.3d 154 (2014). The party asserting invited error has the burden of proof. State v. Thomas, 150 Wn.2d 821, 844, 83 P.3d 970 (2004).

Here, the State did not suggest the court should seal J.M.L.'s record. Nor did it affirmatively assent to or benefit from the court's decision to do so. To the contrary, it argued repeatedly that the court lacked the statutory authority to seal. And as much as J.M.L. argues the prosecutor contributed to the error by not specifically citing RCW 13.50.260(1)(f)(i), J.M.L. confuses invited error with uninspired advocacy. J.M.L. fails to show that the State knowingly and voluntarily invited the error.

We reverse and remand for the trial court to vacate the order sealing J.M.L.'s juvenile record.

Brennan, J

WE CONCUR:

Mann, J.                    Dwyer, J.

8