IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JASON STOKES,<br><br>        Respondent,<br><br>        v.<br><br>SUSAN TOCH,<br><br>        Appellant. | No. 87234-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Susan Toch appeals a trial court's denial of her motion for reconsideration of its order concluding she had not met her burden to establish the need for a protection order against a former neighbor. Because Toch fails to establish that the trial court abused its discretion in denying the motion for reconsideration, we affirm.

FACTS

On August 16, 2023, Susan Toch sought a protection order against "Jason"[1] Stokes for alleged stalking. Toch and Stokes lived in the same apartment complex at the time. In her petition, Toch requested immediate protection and described alleged attacks, indecent exposure and physical confrontations, based on attached photos, incident reports from the Bellingham Police Department, and a letter from a healthcare provider asserting she was being stalked "as defined by RCW 9A.46.110."[2] On September 5, 2023, a temporary protection order (TPO) was issued against Stokes for

_____

[1] In the petition for protection order, Toch initially referenced Stokes as "Jason." However, subsequent temporary and full protection orders corrected his first name to "James."

[2] Among the clerk's papers filed with this court, Toch included trial court pleadings for a separate civil action for unlawful detainer in which she was involved.

harassment and stalking. On September 7, 2023, Stokes was successfully served with the petition for protection order and the TPO.

The hearing on the full protection order was scheduled for September 20, 2023. However, on September 13, Toch sought a continuance. On September 19, 2023, Toch filed a declaration discussing "some of the harassment, stalking, [and] assaults" by Stokes and managers of their apartment complex, as well as another letter from a healthcare provider conveying her need for reasonable housing accommodations, a letter from an individual who has known "Toch for over 20 years" that reiterated Toch's alleged conflict with Stokes and others, and a declaration from another individual describing Stokes allegedly "lurking" in Toch's carport after he was served with the protection order. The court continued the protection order hearing to October 4, 2023, and extended the TPO until the hearing date.

During the hearing on October 4, 2023, the court issued a full protection order based on Toch's harassment and stalking allegations against Stokes. Stokes filed a motion to revise the protection order.[3] On January 19, 2024, a hearing was held on the motion to revise. The court ordered Stokes to produce copies of the hearing transcripts and continued the hearing to March 1, 2024. On February 26, 2024, Toch filed a "motion to dismiss" Stokes's motion to revise because Stokes failed to timely serve her with the hearing transcripts as ordered by the court. On March 8, 2024, the court granted Toch's motion and denied Stokes's motion.

---

[3] The motion to revise is not in the appellate record.

2

Stokes again moved for revision of the protection order,[4] and on June 28, 2024, the court granted the motion, concluding that Toch had not "met her burden by a preponderance of the evidence." The court advised Toch of her opportunity to file a motion to reconsider no later than July 8, 2024 and stated that the protection order would remain in effect until the court reviewed any further motions. Toch then submitted a motion for reconsideration, which the court denied. With the denial of Toch's motion for reconsideration, the protection order expired.

Toch timely appeals, stating in her "Notice of Appeal" that she "seeks Appellant Court review of the evidence and Judgement [sic] decision of July 29, 2024." She includes two orders in her notice of appeal: the "Order on Petitioner's Motion for Reconsideration" and the "Order on Petitioner's Request for Reconsideration and Clarification."[5]

## DISCUSSION

Toch argues "the trial court erred in dismissing the protective order" when it denied her motion for reconsideration. We disagree.

Preliminarily, we note that both Toch and Stokes are self-represented. "Courts hold [self-represented] litigants to the same standards as attorneys." In re Vulnerable Adult Pet. of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). Accordingly, courts are "under no obligation to grant special favors to . . . a [self-represented] litigant." In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

---

[4] The appellate record contains motion hearing minutes from June 14, 2024, referencing Stokes's motion for revision, which is not in the record. The minutes also state that "[t]his matter was struck prior to court convening."

[5] In addition to briefing on her appeal, Toch filed additional materials with this court, including a "Motion to Separate Review Dates and Scheduling to Ensure Fair and Individual Appellate Consideration." Given the resolution of this appeal, the motion is moot.

"Motions for reconsideration are addressed to the sound discretion of the trial court and a reviewing court will not reverse a trial court's ruling absent a showing of manifest abuse of discretion." Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005). "An abuse of discretion exists only if no reasonable person would have taken the view the trial court adopted, the trial court applied the wrong legal standard, or it relied on unsupported facts." Fishburn v. Pierce County Planning & Land Servs. Dep't., 161 Wn. App. 452, 472, 250 P.3d 146 (2011).

When "asking the trial court to reconsider its ruling, the litigant must 'identify the specific reasons in fact and law as to each ground on which the motion is based.' " Id. (quoting CR 59(b)). CR 59(a) lists nine grounds for reconsideration, but Toch did not identify any specific ground as the basis for her motion. Thus, it is unclear on what ground she sought reconsideration of the court's ruling granting Stokes's motion for revision.

Instead, Toch argues that "the trial court improperly disregarded substantial evidence of [Stokes's] misconduct" and that she "provided credible testimony" concerning the wrongful conduct. She contends that

> [P]olice records that extend from April 2023 demonstrate Stokes sexual misconduct, exposing himself, attacking plaintiff, [s]pecialists report[ing] severe medical injuries and physical damages . . . stalk[ing] and harass[ing] victim, breach[ing] victim privacy, tormenting and chasing victim; [sic] demeaning and insulting [Toch] . . . blocking of [Toch's] residential access . . . consorting with [Stokes] agents . . . and . . . demonstrating a total disregard and disdain for any [j]udicial authority or . . . orders.

In other words, she raises the same arguments that were the basis for her underlying petition for protection order. In her motion for reconsideration, she stated that Stokes's ongoing misconduct would be "demonstrated in supporting documents, affidavits,

4

declarations, [and] reports." However, these documents are not part of the record on appeal. Further, the record on appeal lacks any report of proceedings related to her motion for reconsideration or the hearing granting Stokes's motion for revision. Moreover, the clerk's papers contain only brief minutes from some of the motion hearings leading up to the challenged order.[6] Toch has not provided this court with the record that was before the trial court when it considered her motion, as she must for this court to review her claims. State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012) (self-represented litigants must comply with all procedural rules on appeal, including the rule that the appellant bears the burden of providing a sufficient record to review their claims).

Toch also argues the trial court failed "to uphold the standard for issuance of protection orders." However, again, her appeal concerns the narrow issues of whether the trial court abused its discretion in denying Toch's motion for *reconsideration*, not the underlying order granting Stokes's motion for revision of the protection order. Accordingly, Toch fails to demonstrate that the trial court abused its discretion by denying her motion to reconsider.

Toch also argues that Stokes's actions violated her "rights under the American with Disability [sic] Act (ADA), and Washington States [sic] anti-discrimination laws" and are a "pattern of religious persecution and gender-based discrimination." She contends that "[o]verturning of these [protective] orders would result in immediate and irreparable harm" and she "remains at significant risk due to the prior acts of violence, repeated

---

[6] Toch also contends the trial court "did not take into account the active investigation into [Stokes] and his agents for gate [sic] crimes, including violations of [her] religious, gender, and disability rights." But again, we cannot review these claims absent the record of the evidence that was presented to the trial court when it considered her motion for reconsideration.

targeting and this demonstrated intent of [Stokes]." Again, as this appeal relates only to Toch's motion for reconsideration, these additional issues are not properly before this court. Our review is limited to the notice of appeal, which identifies the denial of reconsideration as the challenged order.[7] RAP 2.4(a)-(b) ("The appellate court will, at the instance of the appellant, review the decision . . . designated in the notice of appeal.").

Finally, Toch requests legal "costs, fees and damages" and "other relief . . . as deemed appropriate including costs for all damages, medical and property" on appeal. A party may request reasonable attorney fees on appeal if applicable law grants the party a right to recover their fees. RAP 18.1(a). There are two briefing requirements to comply with RAP 18.1. First, the party must devote a section of their brief to their request for attorney fees. RAP 18.1(b). Toch has done so. Second, the party must argue and cite specific authority supporting their request for attorney fees. State v. Richardson, 177 Wn.2d 351, 366, 302 P.3d 156 (2013). Toch has failed to satisfy this second requirement. Nor has she prevailed on appeal. Accordingly, we deny her request for attorney fees.

In sum, Toch has failed to demonstrate that the court abused its discretion by denying her motion for reconsideration. We decline to address other issues she raises that are beyond the scope of this appeal.

CONCLUSION

We affirm.

---

[7] Similarly, the issues Toch raises in her briefing as additional grounds for appeal, include "retaliatory evictions," "denial of due process and equal protection," and "abuse of legal process and malicious prosecution," are not properly before the court.

_Cheung, J._

WE CONCUR:

_Feldman, J._                    _Mann, J._